286 So.2d 264 (1973)
Allen Lloyd BOULNOIS and Linda F. Boulnois, His Wife, Appellants,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY et al., Appellees.
No. 72-82.
District Court of Appeal of Florida, Fourth District.
December 14, 1973.
*265 John Edwin Fisher, Akerman Senterfitt Eidson & Wharton, Orlando, for appellants.
Herbert A. Langston, Jr., Driscoll Conrad & Langston, Orlando, for appellee-State Farm Mut. Auto. Ins. Co.
CROSS, Judge.
Appellants-plaintiffs, Allen Lloyd Boulnois and Linda F. Boulnois, his wife, appeal a final judgment entered in favor of appellee-defendant, State Farm Mutual Automobile Insurance Company, in a cause of action seeking damages for breach of contract under the uninsured motorist provisions of an automobile insurance policy issued by State Farm Mutual Automobile Insurance Company to Allen Lloyd Boulnois and Linda F. Boulnois. We reverse.
On October 16, 1970, Allen Lloyd Boulnois was involved in an automobile accident when the motorcycle he was driving was struck by an automobile operated by Arthur Olen Robinson. The motor vehicle involved in the accident with Mr. Boulnois was titled in the name of Estal Corporation and was furnished for the use of Alfred T. Ferdinandsen. Robinson, Estal Corporation and Ferdinandsen were without liability insurance policies of their own which would cover them for any damages sustained by Mr. Boulnois as a result of the accident. Robinson, the operator of the vehicle, was employed by Basic Asphalt Corporation. Basic Asphalt Corporation was insured by Hartford Accident & Indemnity Company. The policy issued to Basic Asphalt Corporation, the employer of Robinson, was the only liability insurance company which could have been found available to provide liability coverage for this accident. Hartford Accident and Indemnity Company, the insurer for Basic Asphalt Corporation, denied that Robinson at the time of this accident was in the course and scope of his employment, and refused to accept coverage. At the time of this accident Mr. Boulnois had in force and effect an insurance policy with State Farm Mutual Automobile Insurance Company providing $10,000 in uninsured motorist coverage. Mr. Boulnois and his wife, Linda F. Boulnois, then asserted an uninsured motorist claim under their policy against their insurer, State Farm Mutual Automobile Insurance Company. The claim for uninsured motorist coverage was denied by State Farm on the sole basis that there was a possible involvement of Hartford Accident and Indemnity Company policy *266 which covered Basic Asphalt Corporation as Robinson's employer.
Thereafter the plaintiffs, Allen Lloyd Boulnois and Linda F. Boulnois, his wife, filed suit against Robinson, Ferdinandsen, Estal Corporation, Basic Asphalt Corporation, Hartford Accident and Indemnity Company and State Farm Mutual Automobile Insurance Company.
Count two of plaintiffs' complaint alleged that State Farm had breached its policy of uninsured motorist coverage by its refusal to accept the plaintiffs' uninsured motorist claim. Crossclaims were filed by Robinson, Ferdinandsen and Estal Corporation. These defendants asserted that they were entitled to coverage under the Hartford Accident and Indemnity Company's policy issued to Basic Asphalt Corporation. Hartford Accident & Indemnity Company denied coverage to all these parties in its answer to the crossclaims. State Farm crossclaimed for subrogated property damage paid to Mr. Boulnois for damage to his motorcycle.
On November 24, 1971, the trial court entered an order providing that trial of the cause was to be in two phases, phase one to consist of a trial upon the issues of liability and damages. Included in phase one was to be State Farm's crossclaim for subrogated property damage paid to Mr. Boulnois for damages to his motorcycle. Phase two of the trial was to be confined to the issues of insurance coverage. Included in phase two of the trial was to be the claim of the plaintiffs against State Farm Mutual Automobile Insurance Company, asserting the alleged breach of uninsured motorist coverage of the policy issued to the plaintiffs by State Farm.
On November 30, 1971, more than a year after the accident occurred, phase one of the trial commenced. The jury on December 2, 1971, returned a verdict in favor of the plaintiffs assessing damages against the defendants, Arthur Olen Robinson, Estal Corporation, Basic Asphalt Corporation and Hartford Accident and Indemnity Company. The jury also returned a verdict in favor of the defendant, Alfred Ferdinandsen, and against the plaintiffs.
Thereafter the various parties submitted memorandums of law to the trial judge regarding the issues reserved for phase two of the trial. Phase two of the trial was never held. The trial court, after review of the memorandums of law, entered final judgment in favor of State Farm on count two of the complaint with reference to plaintiffs' claim against State Farm Mutual Automobile Insurance Company under the plaintiffs' uninsured motorist coverage, determining that the uninsured motorist provisions of the insurance policy issued to the plaintiffs failed to provide coverage for the damages suffered as a result of this automobile accident. It is from this final judgment that the plaintiffs now appeal.
Uninsured motorist coverage came into existence through an evolutionary process beginning with the public concern with respect to the problem of the financially irresponsible motorist and the demand for solution to the problem of compensating the innocent victim injured as a consequence of the negligence of an uninsured motorist who is financially incapable of responding in damages for the injuries so caused.
It has long been the public policy of the State of Florida to require uninsured motorist protection in automobile policies written in this state to afford to the public, generally, the same protection that the public would have had if the uninsured motorist had carried public liability coverage. Section 627.0851(1), Florida Statutes 1970, now Section 627.727(1), Florida Statutes 1971, F.S.A. The statute is designed for the protection of injured persons; it is not designed for the benefit of insurance companies or for motorists who cause damages to others. Brown v. Progressive Mutual Insurance Co., 249 So.2d 429 (Fla. 1971).
In the instant case, the policy issued to the plaintiffs contained a section entitled *267 "Uninsured Motorist Vehicle Coverage." The policy purported to provide coverage to the plaintiffs in the event of injury to them by an owner or operator of an uninsured motor vehicle. The term "uninsured motor vehicle" was defined in State Farm's policy as follows:
"Uninsured motor vehicle  means: (1) a land motor vehicle with respect to the ownership, maintenance or use of which there is in at least the amounts specified by the financial responsibility law of the state in which the insured motor vehicle is principally garaged, no bodily injury liability bond or insurance policy applicable at the time of the accident with respect to any person or organization legally responsible for the use of such vehicle, or with respect to which there is a bodily injury liability bond or insurance policy applicable at the time of the accident but the company writing the same denies that there is any coverage thereunder or is or becomes insolvent; or... ."
(Emphasis supplied.)
The phrase "insurance policy applicable at the time of the accident" found in paragraph (1) of State Farm's policy, must be construed within the context of the clause wherein it is found, and in light of the purpose sought to be accomplished by the clause. Thus it is reasonable to determine that an insurance policy which is disclaimed is not an insurance policy applicable at the time of the accident. The disclaimer of Hartford related to the time of the accident, and left the driver and owners of the vehicle which struck Mr. Boulnois uninsured against liability arising out of the accident. The driver and owners of the vehicle were just as financially irresponsible as a result of the disclaimer of Hartford as if they had never taken out a policy in the first place. We cannot, therefore, view that a disclaimed, uncollectible policy is a policy applicable at the time of the accident. Such construction would be unnecessarily restrictive and defeat the very purpose of the uninsured motorist clause in State Farm's policy, and would ignore the spirit, if not the letter, of Florida's Uninsured Motorist Statute.
The language chosen in paragraph (1) of State Farm's policy is extremely broad. In order to involve the uninsured motorist coverage, all that has to happen is that there is a valid automobile liability policy on the adverse vehicle, plus a denial of coverage by the company writing the policy. There is nothing in the language in State Farm's policy which goes to the substance of the disclaimer of coverage by the other company. Therefore, a mere denial of coverage of the other carrier, whether capricious or not, whether sustainable or not, is sufficient to involve the uninsured motorist coverage. If a disclaimer of coverage occurs by the other carrier, the uninsured motorist carrier, in order not to breach its insurance contract with its insured, has no alternative but to proceed as if the adverse vehicle was an uninsured automobile within the meaning of what constitutes an uninsured automobile under paragraph (1).
We feel that there is more than a small amount of elementary justice in the rule that where the insurer's and its insured's interests might of necessity conflict, the insurer, which reaps the benefit of its determination of refusal to pay an uninsured motorist's claim on the basis that the insurer feels that there might be some other possible involvement of coverage, although such coverage is disclaimed, should suffer the detriment of such position.
Under the circumstances in this case, State Farm's denial of coverage under the Uninsured Motorist's provision of its policy with the plaintiffs was clearly a breach of contract, for which damages should be determined and assessed in the trial court.
Accordingly, the final judgment entered in favor of appellee-defendant, State Farm Mutual Automobile Insurance Company, is *268 reversed and the cause remanded to the trial court for trial as to the issue of damages.
Reversed and remanded.
OWEN, C.J., and WALDEN, J., concur.