298 So.2d 202 (1974)
Jo Anne C. TAYLOR, etc., Appellant,
v.
SAFECO INSURANCE CO., Appellee.
No. V-39.
District Court of Appeal of Florida, First District.
July 23, 1974.
Rehearing Denied August 23, 1974.
David R. Lewis, Blalock, Holbrook, Lewis, Paul & Isaac, Jacksonville, for appellant.
William M. Howell, Howell, Kirby, Montgomery, D'Aiuto, Dean & Hallowes, Jacksonville, for appellee.
McCORD, Judge.
This is an appeal from a final order of the trial court dismissing the amended complaint of appellant. The sole question presented is whether or not the automobile owner's uninsured motor vehicle liability insurance coverage under Section 627.727, Florida Statutes, F.S.A., is available to a bailee passenger in the automobile who is killed in an accident as the result of negligence of the vehicle's driver to whom the bailee has entrusted the car.
Appellant's decedent, William E. Taylor, Jr., was loaned an automobile by his employer, Robert L. Henry, appellee's insured. William, his brother, Earl, and their families went on a fishing trip in the vehicle and William entrusted the driving to Earl. An accident occurred as a result of the alleged negligence of Earl, and William received mortal injuries. Neither Earl nor William had insurance. Appellant, recognizing and accepting the ruling of the trial court that no cause of action exists on behalf of William's estate against the owner, Taylor, (under Raydel, Ltd. v. Medcalfe, Fla., 178 So.2d 569), has brought this action against Taylor's insurer under the uninsured motor vehicle clause of Taylor's insurance policy. Appellant in effect contends *203 that since under Raydel, negligence of a bailee's driver which results in injury to the bailee is not imputed to the ownerbailor, the uninsured motor vehicle coverage of the owner's liability insurance is available to the bailee. She contends here that the decedent was killed as the result of the negligence of Earl, who was uninsured; that although Henry, the owner is not liable to appellant for the negligence of Earl, that Earl (an uninsured motorist) is liable to appellant, and Henry's uninsured motor vehicle coverage on the vehicle inures to appellant's benefit. This contention presents a new and unusual twist to uninsured motor vehicle coverage. We do not agree with appellant's contention.
Section 627.727, Florida Statutes, F.S.A., the uninsured motor vehicle coverage statute, prohibits the issuance of automobile liability insurance coverage "... unless coverage is provided therein or supplemental thereto ... for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles ..." While it is true that Taylor, the bailee, was occupying Henry's automobile and, thus, would be classed as a person insured under the definition of that term in the uninsured motor vehicle coverage of Henry's policy, Henry's automobile in which Taylor was riding and which was being driven by Earl was not an uninsured vehicle. Henry's policy covering the vehicle included the full insurance coverage required by Florida law. It is under this very policy which insured the vehicle that appellant claims decedent's estate is entitled to the uninsured motor vehicle coverage contained therein through appellant's theory that it was an uninsured motor vehicle.
For support of her theory, appellant relies upon the following quote of this court from Gordon v. Phoenix Insurance Company, Fla.App., 242 So.2d 485:
"The point in issue on which our decision turns was considered by the author of American Law Reports in his discussion of uninsured motorist provisions of automobile liability insurance policies from which he states the following conclusion:
`It should be readily apparent that where neither the owner nor the person operating an automobile at the time of an accident is covered by public liability insurance, the automobile is "uninsured" for purposes of an uninsured motorist indorsement, and cases recognizing this fact have not been collected.
`On the other hand, so long as there is insurance "applicable to the accident" the vehicle causing the injury is "insured" for purposes of uninsured motorist coverage, no matter for whom the insurance was purchased.'"
Appellant seizes upon the term "insurance applicable to the accident" in the above quote and argues that Henry's policy was not "applicable to the accident" and, there fore, his vehicle was an uninsured vehicle (because under the law of Raydel, William's negligence was not imputed to Henry). Gordon, however, does not use the term "insurance applicable to the accident" in the sense in which appellant seeks to apply it here. In Gordon the appellant, Gordon, was injured in a vehicular collision resulting from negligent operation of a vehicle owned by Britan and operated by Poston. Britan had no insurance, but Poston had coverage. Gordon sued Poston and Poston's insurer and recovered a judgment in excess of the policy limits. Poston's insurer paid the policy limits and Gordon then sued his own insurance carrier, Phoenix, under the uninsured vehicle coverage of his policy for the excess. This court held there was insurance coverage applicable to the accident (Poston's coverage) and, therefore, the action would not lie. The term "insurance applicable to the accident" was not used to exclude a policy covering the vehicle as one not applicable to the accident as appellant seeks to do here.
*204 We cannot say that Henry's vehicle, which was covered by liability and uninsured motor vehicle insurance to the full extent required by law, was an uninsured vehicle simply because the owner, Henry, is not liable to his bailee for the negligence of the bailee's driver. Appellant's argument ignores the clear wording of the statute. The statute only requires protection of persons insured who are legally entitled to recover damages from owners or operators of "uninsured motor vehicles." Although appellant may be legally entitled to recover damages from the operator, Earl, the vehicle was not an uninsured motor vehicle. Thus, the protection required by the uninsured motor vehicle statute does not extend to appellant's decedent as he is not a person legally entitled to recover damages from the owner or operator of an uninsured motor vehicle.
Appellant also relies upon Boulnois v. State Farm Mutual Automobile Ins. Co., Fla.App. (4th), 286 So.2d 264, in support of her contention. There, Boulnois driving his motorcycle on which he had uninsured motor vehicle coverage was struck by an automobile on which the owner had no insurance. The employer of the driver of the automobile had insurance and this was the only policy which could have been found available to provide liability coverage to Boulnois for the accident. The insurer, however, denied that Robinson at the time of the accident was in the course or scope of his employment and refused to accept coverage. The court held that the uninsured motor vehicle provision of Boulnois policy provided coverage to him for the accident. There Boulnois, while driving his motorcycle, was injured by another vehicle which was uninsured. In the case sub judice the owner of the vehicle had his vehicle fully covered by insurance to the extent required by law. It was not an uninsured vehicle.
Affirmed.
RAWLS, C.J., and JOHNSON, J., concur.