328 So.2d 207 (1976)
Annie Marie GRIFFIN, As Administratrix of the Estate of Herman Ellis Griffin, Deceased, Appellant,
v.
The TRAVELERS INDEMNITY COMPANY, Appellee.
No. X-241.
District Court of Appeal of Florida, First District.
March 16, 1976.
*208 J. Robert Hughes, of Barron, Redding, Boggs & Hughes, Panama City, for appellant.
Thomas B. Ingles, of Sale, Bryant, Daniel & Thompson, Panama City, for appellee.
McCORD, Acting Chief Judge.
This is an appeal from a judgment on the pleadings in favor of appellee, The Travelers Indemnity Company, in a suit brought by appellant, Annie Marie Griffin, as administratrix of the estate of her deceased husband. The decedent was killed instantly in an automobile wreck, and appellant contends she is entitled to compensation of loss of earning capacity of decedent under the personal injury protection benefit coverage of an automobile liability insurance policy issued by appellant.
Appellant contends that under § 627.736, Florida Statutes, relating to required personal injury protection benefits and under the terms of the aforesaid insurance policy, she is entitled to the claimed benefits up to a limit of $5,000. § 627.736, Florida Statutes provides in pertinent part as follows:
"(1) Required benefits.  Every insurance policy complying with the security requirements of § 627.733 shall provide personal injury protection providing for payment of all reasonable expenses incurred for necessary medical, surgical, X-ray, dental, and rehabilitative services, including prosthetic devices; necessary ambulance, hospital, nursing services; and funeral and disability benefits to the named insured, relatives residing in the same household, persons operating the insured motor vehicle, passengers in such motor vehicle, and other persons struck by such motor vehicle and suffering bodily injury * * * to a limit of five thousand dollars for loss sustained by any such person as a result of bodily injury, sickness, disease, or death arising out of the ownership, maintenance, or use of a motor vehicle as follows:
(a) Medical benefits. * * *
(b) Disability benefits.  One hundred percent of any loss or gross income and loss of earning capacity per individual, unless such benefits are deemed not includable in gross income for federal income tax purposes, in which event such benefits shall be limited to 85 percent, from inability to work proximately caused by the injury sustained by the injured person, plus all expenses reasonably incurred in obtaining from others ordinary and necessary services in lieu of those that, but for the injury, the injured person would have performed without income for the benefit of his household. All disability benefits payable under this provision shall be paid not less than every two weeks.
(c) Funeral, burial or cremation benefits.  Funeral, burial, or cremation expenses in an amount not to exceed one thousand dollars per individual." (Emphasis supplied)
Appellant contends that under the insurance policy here in issue, which was written pursuant to the above statute, appellee contracted to pay the decedent a maximum of $5,000 for loss of earning capacity occasioned by his death. The insurance policy issued to decedent by appellee states in pertinent part as follows:
"PERSONAL INJURY PROTECTION
The Company will pay, in accordance with the Florida Automobile Reparations *209 Reform Act, to or for the benefit of the injured person:
(a) all reasonable medical expenses, and
(b) with respect to the period of disability of the injured person, any loss of income and earning capacity from inability to work proximately caused by the injury sustained by the injured person and all expenses reasonably incurred in obtaining from others ordinary and necessary services in lieu of those that, but for such injury, the injured person would have performed without income for the benefit of his household, and
(c) funeral, burial or cremation expenses, incurred as a result of bodily injury, caused by an accident arising out of the ownership, maintenance or use of a motor vehicle and sustained by:
(1) The named insured... .
(2) * * *
"Limit of Liability; Application of Deductible; Other Insurance

Regardless of the number of persons insured, ... the total aggregate limit of personal injury protection benefits available under the Florida Automobile Reparations Reform Act from all sources combined, including this policy, for all loss and expense incurred by or on behalf of any one person who sustains bodily injury as the result of any one accident shall be $5,000; provided that payment for funeral, cremation or burial expenses included in the foregoing shall in no event exceed $1,000... ."
"Definitions

When used in reference to this Section: `bodily injury' means bodily injury, sickness or disease, including death at any time resulting therefrom; . .."
Appellant argues that the policy contracts to pay for loss of earning capacity resulting from death since bodily injury is defined as including death.
This same question was before this court in Benton v. State Farm Mutual Automobile Ins. Co., Fla.App.(1st), 295 So.2d 344 (1974). In Benton we declined to construe the statute and the policy in the manner sought both there and here. There is only one material difference in the wording of the policy in Benton and the wording of the policy here. In Benton, the phrase "incurred as a result of bodily injury" was set off with commas and was contained in paragraph (c) of the policy as follows:
"(c) Funeral, burial or cremation expenses, incurred as a result of bodily injury," (emphasis supplied)
In the policy in the case sub judice, that phrase is carried over to the next line following paragraph (c) and appears as follows in the policy:
(a) * * *
(b) * * *
(c) funeral, burial or cremation expenses,

incurred as a result of bodily injury, caused by an accident ..." (emphasis supplied)
Due to this difference in arrangement of the phrase in the two policies, appellant argues that the phrase in the policy here before the court applies to all three paragraphs, (a), (b) and (c), and not just to paragraph (c) so that bodily injury (which is defined to include death) applies in the case sub judice to paragraph (b). Appellant *210 then seizes upon the following statement in this court's opinion in Benton:
"Had the scrivener of the policy used the term `bodily injury' in paragraph (b) of the policy, we would be inclined to agree with appellant's construction. However, that term not there being used, we do not find that it was the intention of the legislature in drafting the Florida Automobile Reformations Reform Act, nor the intention of the scrivener of the subject policy, to afford coverage for loss of income or earning capacity under the above quoted portions of the Act or policy resulting from death." (Emphasis supplied)
Based upon what was said in Benton, and if we considered nothing more, we would be inclined toward appellant's interpretation, but there is another phrase we must consider and this is the initial phrase of paragraph (b) which we underline in the following partial quote of paragraph (b):
"(b) With respect to the period of disability of the injured person, any loss of income and earning capacity ..." (Emphasis supplied)
It can readily be seen that everything in paragraph (b) which follows the initial underlined phrase, is controlled by that phrase. The deceased was killed instantly and, therefore, did not have a period of disability. Thus, he had no loss of income and earning capacity "with respect to the period of disability." Any other construction would append to the statute an unwarranted automatic death benefit of $5,000, since the period of "disability" of a dead person would extend as long as necessary to accumulate that amount based on past earnings. We find nothing to indicate that the Legislature intended such result.
Affirmed.
MILLS and SMITH, JJ., concur.