330 So.2d 815 (1976)
CENTENNIAL INSURANCE CO., Appellant,
v.
Loretta WALLACE, Acting As Personal Representative of the Estate of William J. Wallace, Deceased, Appellee.
Nos. 75-106, 75-393, 75-457, 75-458 and 75-459.
District Court of Appeal of Florida, Third District.
April 6, 1976.
Rehearing Denied May 12, 1976.
*816 Gladson, Knecht & Sullivan, Coral Gables, for appellant.
Horton, Perse & Ginsberg, Miami, Bernard H. Butts, Hialeah, for appellee.
Before PEARSON, HENDRY and HAVERFIELD, JJ.
HAVERFIELD, Judge.
Plaintiff appeals a summary final judgment determining defendant to be entitled to the uninsured motorist coverage under its policy, and several orders on an attorney's fee award.
This controversy arises out of the electrocution death of William Wallace, husband of defendant-appellee, Loretta Wallace. On January 3, 1973 the deceased, an employee of Florida Power and Light Company (FPL) was working foreman of a five man crew assigned the task of stringing a wire between two poles which carried two other power lines conducting 7,620 watts of electricity. Wallace was standing on the ground stretching out the wire to be strung while another crew member, Gary Cochrane, was standing in the turret of the winch truck, a large vehicle with a swivel boom. The truck was immobilized by hydraulically operated arms or feet attached to the sides of the rig and lowered to the ground to prevent the truck from tipping when the turret moved. As Cochrane began to swing the winch boom to his right, the turret jerked causing the winch line to sway into the power lines above and the electric current communicated itself to Wallace resulting in his electrocution.
At the time of his fatal accident, Wallace was insured under an automobile liability policy issued by the plaintiff-appellant, Centennial Insurance Company. Gary Cochrane, operator of the winch truck, had an automobile insurance policy with State Farm which refused to acknowledge liability upon a claim being filed against it by Loretta Wallace. The winch truck was self-insured by FPL pursuant to § 324.171, *817 Fla. Stat.; nevertheless, FPL was immune from liability by virtue of § 440.11, Fla. Stat.[1] Mrs. Wallace filed a claim with appellant under the uninsured motorist provision of her deceased husband's policy. Appellant denied the claim and instituted an action seeking judicial declaration that there is no uninsured motorist coverage on the grounds that the winch truck was not in use as a vehicle, but rather was being employed as stationary construction equipment; the vehicle was self-insured, not uninsured. Mrs. Wallace answered and counterclaimed for declaratory relief. She contended that she was entitled to the uninsured motorist coverage because although the winch truck was self-insured by FPL, the insurance was not available because her deceased husband was an employee of FPL and could not maintain an action against his employer in tort (pursuant to § 440.11, Fla. Stat.); Gary Cochrane was uninsured in that his insurer denied responsibility. After pretrial discovery, Mrs. Wallace moved for summary judgment which the trial judge granted in her favor on the issue of uninsured motorist coverage. The judge then entered several orders with regards to attorney's fees culminating in an amended order of March 4, 1975 awarding appellee's counsel $6,000 plus 40% of any award made in arbitration or in settlement in addition to any contractual arrangement between appellee and her attorney.
Appellant contends the trial judge erred in finding that the winch truck involved in the accident was an automobile within the uninsured motorist provision of the decedent's automobile policy.
We find that the winch truck is a vehicle and was self-insured by its owner, FPL. Further, there is no doubt that the fatal accident arose out of the use of the truck. See Great American Insurance Co. v. General Accident Fire & Life Assurance Corp., 321 F.2d 948 (5th Cir.1963) and Valdes v. Smalley, Fla.App. 1974, 303 So.2d 342.
Appellant next argues it was error for the trial judge to find that the winch truck was uninsured and to grant summary judgment. This point has merit.
In interpreting an automobile insurance policy the courts have followed the definitions given in the policy itself. Dorrell v. State Fire and Casualty Company, Fla.App. 1969, 221 So.2d 5 and cases cited therein. Appellant's policy excludes from the definition of an uninsured vehicle "an automobile which is owned by a self-insurer within the meaning of any motor vehicle financial responsibility law ...," and all parties concede that the winch truck was self-insured by FPL. Thus, the truck is not an uninsured vehicle under the terms of appellant's policy.
We must also reject appellee's argument that because FPL is immune from liability by virtue of workmen's compensation laws (§ 440.11), the winch truck is an uninsured vehicle. Where a vehicle is covered to the extent of the law, it is not an uninsured vehicle simply because coverage may not be available to the injured party under the circumstances. See Taylor v. Safeco Insurance Co., Fla.App. 1974, 298 So.2d 202.
*818 In light of our disposition of this point, it is apparent the orders awarding appellee attorney's fees are erroneous.
Accordingly, the final summary judgment and orders on attorney's fees are reversed and the cause remanded to the trial court for further proceedings not inconsistent herewith.
NOTES
[1] "440.11 Exclusiveness of liability

"(1) The liability of an employer prescribed in § 440.10 shall be exclusive and in place of all other liability of such employer to any third party tort-feasor and to the employee, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death, except that if an employer fails to secure payment of compensation as required by this chapter an injured employee or his legal representative, in case death results from the injury, may elect to claim compensation under this chapter, or to maintain an action at law or in admiralty for damages on account of such injury or death. In such action the defendant may not plead as a defense that the injury was caused by negligence of a fellow servant, nor that the employee assumed the risk of his employment, nor that the injury was due to the contributory negligence of the employee."