McNULTY, Chief Judge.
John E. Nakis died forty-six and one-half months after he became totally disabled. Appellant insurance company thereupon terminated monthly payments which it had theretofore been paying as a “Disability Benefit” payable under a group policy of which the decedent was a beneficiary. Appellee, Executrix of the decedent’s estate, prevailed below in her action to recover the balance of the maximum number of monthly payments payable under the policy. We reverse.
The question, obviously, is whether death constitutes total disability within the meaning of the policy. We think not. The policy provides that the monthly payments payable thereunder “will begin on the day of disability . . . and will end on . (1) the date the [insured] ceases to be totally disabled.” A separate provision defines “totally disabled” as:
“ . . . the inability of the [insured], due to disease or accidental bodily injury, to perform each and every duty pertaining to his occupation, or, if retired, the inability of the [insured] due to sickness or accidental bodily injury, to engage in the usual activities of a person of like age and sex in good health.”
Additionally, the policy provides:
“No benefit will be payable under the group policy

(b) For any day on which the [insured] is not under the care of a legally qualified physician or surgeon other than himself . ”
Unquestionably this was a disability policy, not a life insurance policy. The fair and clear import of the provisions thereof insure against such period as an insured, otherwise in reasonably good health, cannot perform any of his usual occupational pursuits or, in the alternative if retired, cannot engage in normal retire *56 ment activities. To construe it otherwise would be to convert it into a “death benefit” policy, obviously not the intent of the parties.
Appellee’s “ambiguity” arguments are untenable. Particularly, she alludes to the provision of the policy calling for payment directly to “[insured] if living, otherwise to the estate of the [insured],” and suggests that such provision compels the conclusion that the parties contemplated “death” as the equivalent of “total disability.” The argument cannot stand. The provision can only mean that accrued benefits may be paid to the estate of a deceased insured; it cannot, in the absence of other language clearly to the contrary, make it a “death benefit” or life insurance policy under which death is a condition precedent to liability.[1]
In view whereof, the judgment appealed from should be, and it is hereby, reversed; and the cause is remanded for further proceedings not inconsistent herewith.
HOBSON and SCHEB, JT„ concur.

. Cf. Griffin v. Travelers Indemnity Company (Fla.App.1st, 1976), 328 So.2d 207; Benton v. State Farm Mutual Automobile Ins. Co. (Fla.App.1st, 1974), 295 So.2d 344.