344 So.2d 595 (1977)
HARTFORD ACCIDENT AND INDEMNITY COMPANY, Appellant,
v.
Floyd L. FONCK, Appellee.
No. 76-703.
District Court of Appeal of Florida, Second District.
March 30, 1977.
Rehearing Denied May 5, 1977.
Donald M. Spangler of Marlow, Mitzel, Ortmayer & Shofi, Tampa, for appellant.
William J. Terry, Tampa, for appellee.
SCHEB, Judge.
This case presents the question of whether a person insured under his employer's automobile policy solely because of his occupancy of his employer's vehicle is entitled to recover under his employer's uninsured motorist coverage where the tortfeasor is uninsured because of a fellow employee exclusion in the employer's policy. After a non-jury trial, the court entered judgment for the appellee, plaintiff below. Defendant Hartford appeals. We reverse.
Plaintiff Fonck was injured while in the course of his employment. The accident involved a truck owned by his employer and equipped with a hydraulic lift, the purpose of which was to elevate the truck bed to the level of a roof under construction so as to facilitate the unloading of roofing materials from the truck to the roof. Fonck was thrown off the elevated truck bed when the truck toppled over due to the negligent manner in which the truck had been parked by William Wise, a fellow employee of Fonck.
The truck owned by Fonck's employer, Carl's Roofing and Siding Co., was insured by Hartford for both liability and uninsured motorist coverage. Fonck first sued Wise *596 and Hartford for damages he sustained as a result of Wise's negligence. Summary Judgment was entered on behalf of Hartford in that first action because coverage for Wise was excluded under the fellow employee exclusion of the Hartford policy. Fonck's suit against Wise was then voluntarily dismissed.
Fonck then sued Hartford in the instant case, alleging he was entitled to coverage under the uninsured motorist provision of the policy issued to his employer. Reasoning that since Wise did not qualify for liability coverage under the Hartford policy and had no liability insurance of his own, the court held that Fonck was entitled to uninsured motorist benefits under the Hartford policy and entered judgment for $53,000 against Hartford. We disagree.
Since Fonck comes within the definition of an insured under the Hartford policy, the question before us is whether the employer's truck which was negligently parked by Wise was an uninsured vehicle so as to permit Fonck to recover under the uninsured motorist provisions of his employer's policy.
At the outset, we point out that this is not a case where the insurance company has attempted to reduce the scope of coverage mandated by the Uninsured Motorist Law as was the case in Mullis v. State Farm Mutual Automobile Ins. Co., 252 So.2d 229 (Fla. 1971); Salas v. Liberty Mutual Fire Ins. Co., 272 So.2d 1 (Fla. 1973); and Johns v. Liberty Mutual Fire Ins. Co., 337 So.2d 830 (Fla.2d DCA 1976). The reason why Fonck could not recover in his first suit against Wise is because of the fellow employee exclusion in the liability section of the policy. Limitations such as this upon liability coverage have been upheld by the courts. General Ins. Co. of America v. Reid, 216 So.2d 41 (Fla. 4th DCA 1968). With a valid exclusion to coverage in respect to liability, it seems incongruous that this same exclusion would not also apply to the uninsured motorist protection in this instance where Fonck was an insured solely by virtue of his status as an employee and was claiming under his employer's policy.
The situation here is also distinguishable from that in Lee v. State Farm Mutual Auto Ins. Co., 339 So.2d 670 (Fla. 2d DCA 1976), decided while this appeal was pending. In Lee a teenager was injured in a one car accident while a passenger in an automobile owned and operated by his brother. The teenager was permitted to recover under the uninsured motorist provision of his father's policy after his brother's liability carrier denied coverage under the household exclusion. In Lee this court was dealing with two separate policies. There, the teenager's father had purchased the uninsured motorist protection for himself and his family, and we held the son must be afforded that protection. Here, we are dealing with Fonck's claim under the uninsured motorist provision of the same policy under which the liability coverage was validly excluded  a policy which made Fonck an insured solely because of his status of occupying the vehicle as an employee and not because of any coverage he purchased. Cf. Travelers Ins. Co. v. Pac, 337 So.2d 397 (Fla. 2d DCA 1976).
A case closely in point to the case now before us is Taylor v. Safeco Ins. Co., 298 So.2d 202 (Fla. 1st DCA 1974). There, William Taylor had borrowed an automobile from Robert Henry. William went on a fishing trip with his brother, Earl, and permitted Earl to drive. An accident occurred ostensibly through Earl's negligence as a result of which both Earl and William were killed. Neither Earl nor William had insurance. William's estate claimed uninsured motorist coverage under Henry's policy on the theory that although Henry, as the automobile owner, would not be liable to the estate for the negligence of Earl, nevertheless, Earl as an uninsured motorist would be liable to the estate and thereby Henry's uninsured motor vehicle coverage on the vehicle should inure to the estate's benefit. While admitting that William qualified as an insured under the policy, the court rejected the claim and pointed out the paradox in which the estate was seeking uninsured motorist coverage under the very same policy which insured the vehicle in *597 which William was killed. Contra, Allison v. Imperial Casualty and Indemnity Co., 222 So.2d 254 (Fla. 4th DCA 1969).
Hartford cites Centennial Ins. Co. v. Wallace, 330 So.2d 815 (Fla. 3d DCA 1976), in support of the contention that where a vehicle is covered as required by law, it does not become an uninsured vehicle simply because the coverage may not be available to an injured party under particular circumstances. We do not fully concur with that rationale. Lee did not accept that principle when recovery was allowed in a situation where there was an insured vehicle. Moreover, to accept the principle completely would even foreclose the claim of a party injured, for example, by one operating a stolen but yet insured vehicle. In such an instance where the owner's coverage may not be available to the injured party, that party would have slight comfort in knowing that the negligent thief was operating an insured vehicle. See also Boulnois v. State Farm Mutual Auto Ins. Co., 286 So.2d 264 (Fla. 4th DCA 1973).
Nevertheless, we hold that the coverage was not available under the Hartford policy. Since Fonck was an insured under the Hartford coverage solely by reason of his status as an employee, he was not entitled to a recovery under the uninsured coverage in the policy which expressly excluded him from recovering under the direct liability coverage. Since liability insurers are required to offer uninsured motorist coverage, to hold otherwise would effectively nullify the fellow employee exclusion.
Accordingly, the judgment entered below is vacated and the court is directed to enter judgment in favor of Appellant Hartford.
McNULTY, Acting C.J., and GRIMES, J., concur.