449 So.2d 293 (1984)
Thomas John CURTIN and Thomas P. Curtin, Appellants,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, etc., Appellee.
No. 82-599.
District Court of Appeal of Florida, Fifth District.
January 19, 1984.
Herbert H. Hall, Jr., of Maher, Overchuck, Langa, Cate & Lobb, P.A., Orlando, for appellants.
James O. Driscoll, of Driscoll, Langston & Kane, P.A., Orlando, for appellee.
SHARP, Justice.
This case poses the question of whether or not State Farm Mutual Automobile Insurance Company's insurance policies provide Thomas John Curtin with uninsured motorist coverage. The trial court entered a summary final judgment for State Farm. We reverse because we interpret the policies as providing coverage, and were we to give effect to an exclusion from coverage in this case, it would violate the mandate of Florida's Uninsured Motorist Statute.[1]
Thomas John, the minor son of the named insured, Thomas P. Curtin, was a *294 resident of his father's household at the time of the accident in 1979. He was injured while riding as a passenger in a car owned by his father, which was being negligently driven by Steven Calhoun, a friend of the family. Steven was driving with Curtin's permission.
The father had three separate liability insurance policies, all issued by State Farm, on three different vehicles owned by him, which contained identical provisions regarding uninsured motorist coverage. Each policy provided there was no liability coverage for bodily injury to "any insured or any member of an insured's family residing in the insured's household." Uninsured motor vehicle coverage was provided for:
[B]odily injury an insured is legally entitled to collect from the owner or driver of an uninsured motor vehicle. The bodily injury must be caused by accident arising out of the operation, maintenance or use of an uninsured motor vehicle.
Uninsured Motor Vehicles were defined as:
1. a land motor vehicle not insured or bonded for bodily injury liability at the time of the accident; (Emphasis added) or
2. a land motor vehicle insured or bonded for bodily injury liability at the time of the accident; but
a. the limits of liability are less than required by the financial responsibility act of the state where your car is mainly garaged; or
b. the limits of liability are less than the limits you carry for uninsured motor vehicle coverage under this policy; or
c. the insuring company denies coverage or is or becomes insolvent;
* * * * * *
An [un]insured motor vehicle does not include a land motor vehicle:
1. insured under the liability coverage of this policy.
Appellant concedes on appeal that he is barred from any recovery under the policy insuring the Cadillac, the car in which he was injured. The family exclusion provision of the liability portion of that policy would clearly bar his recovery there. Under the uninsured motor vehicle coverage, he is also clearly barred by the language of the policy which provides that the vehicle insured under that policy cannot be considered to be an uninsured motor vehicle.
This kind of exclusion has been upheld by the Florida Supreme Court in Reid v. State Farm Fire & Casualty Company, 352 So.2d 1172 (Fla. 1977). The court declared that this was an allowable exception to the general rule that an insurer will not be allowed to limit the applicability of uninsured motorist protection. In Reid, the court pointed out that, as in this case,
the family car, which is defined in the policy as the insured motor vehicle, is the same vehicle which appellant, under the uninsured motorist provision of the policy, claims to be an uninsured motor vehicle.
Id. at 1174. But Reid does not answer the question in this case as to whether or not the two other insurance policies on Curtin's other vehicles also exclude uninsured motorist coverage.[2]
*295 State Farm argues that the uninsured motor vehicle insuring provisions of the policies on Curtin's other cars do not include this accident because Curtin's Cadillac was insured with a liability policy issued by State Farm. The policies on the other vehicles state that an uninsured motor vehicle means:
1. a land motor vehicle not insured or bonded for bodily injury liability at the time of the accident. (Emphasis added).
State Farm argues that the fact that this plaintiff was barred from coverage under that policy does not make the car uninsured.
The appellant argues that the coverage provisions of the policies permit an interpretation which reach this accident, and as such, they should be liberally interpreted in favor of coverage. The insuring contract for uninsured motorist coverage extends to an insured vehicle where "the insuring company ... denied coverage," as State Farm did in this case. In addition, the definition of "uninsured motor vehicle" in the policies seems to bolster this view because it is defined as a vehicle which is not insured under that policy. One plausible inference from this negative definition is that an "uninsured motor vehicle" may be one insured under other policies. In this case, Curtin had two other insurance policies on vehicles other than the one involved in the accident. As to those policies, the Cadillac could be an "uninsured" vehicle because it was insured under a different policy.
There is no question here but that the Curtin son is a "class-one" insured under his father's policies. As such, the uninsured motorist coverage of his father's policies follows him, no matter where or how he is injured by an uninsured motorist. Hines v. Wausau Underwriters Insurance Company, 408 So.2d 772 (Fla. 2d DCA 1982); Travelers Insurance Company v. Spencer, 397 So.2d 358 (Fla. 1st DCA 1981). It is also clear (for purposes of the summary judgment) that his injuries were caused by an uninsured motorist. State Farm urges that it has excluded from coverage under its policies all injuries to family members riding in a family-owned vehicle that was insured, but for whom liability coverage was excluded, regardless of the circumstances.
This interpretation creates a class of vehicles exception to uninsured motorist vehicle coverage, which has been repeatedly condemned by the Florida courts in interpreting and enforcing the policy of Florida's Uninsured Motorist Statute. Section 627.727(1), Florida Statutes (1981), requires all insurers offering liability policies on cars registered or garaged in Florida to offer uninsured motorist vehicle coverage
for the protection of persons injured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury... .
Subsection 627.727(2)(a) mandates that the limits of uninsured motorist coverage be "not less than the limits of bodily injury liability insurance purchased by the named insured... ." Clearly, had Calhoun had liability insurance, the Curtin son would have been covered.
The policy of Florida's Uninsured Motorist Statute is to allow "every insured ... to recover for the damages he or she would have been able to recover if the offending motorist had maintained a policy of liability insurance." Mullis v. State Farm Mutual Automobile Insurance Company, 252 So.2d 229, 234 (Fla. 1971) (citing Standard Accident Insurance Company v. Gavin, 184 So.2d 229, 232 (Fla. 1st DCA 1966)). In Mullis, State Farm tried to exclude from uninsured motorist coverage bodily injury to an insured while occupying a vehicle owned by the insured or another family member if the vehicle was not insured under that policy. As Justice Erwin pointed out, this exclusion from coverage violates the public policy of Florida's Uninsured Motorist Statute:
[U]ninsured motorist coverage under the statute provides bodily injury family protection as if, and to the extent, the uninsured motorist had been covered by a standard auto liability insurance policy *296 under the Financial Responsibility Law, and no exclusions from such protection are permissible. If an automobile liability policy insured negligently hits another with his insured automobile, it is immaterial whether such other is a pedestrian or occupies any particular vehicle; the insured's carrier is liable. (Emphasis added).
Id. at 236.
State Farm's exclusion in Mullis for family-owned cars not insured under the policy claimed under is very similar to the exclusion from coverage argued for by State Farm under the Curtin policies: all family-owned vehicles which are insured under other policies. Such exceptions from coverage have been uniformly rejected or denied by the courts. See Hines; Boulnois v. State Farm Mutual Automobile Insurance Company, 286 So.2d 264 (Fla. 4th DCA 1973), cert. denied, 294 So.2d 658 (Fla. 1974); Hartford Accident & Indemnity Company v. Mason, 210 So.2d 474 (Fla. 3d DCA 1968).
The only break in the phalanx of cases requiring that uninsured motorist coverage parallel the theoretical liability coverage of the uninsured motorist has been the family member and fellow employee exclusions in cases involving one insurance policy on the automobile involved in the accident. See Florida Farm Bureau Insurance Company v. Government Employees Insurance Company, 387 So.2d 932 (Fla. 1980); Hartford Accident & Indemnity Company v. Fonck, 344 So.2d 595 (Fla. 2d DCA 1977), cert. denied, 359 So.2d 1214 (Fla. 1978).
The Florida Supreme Court, in Reid, held that a car could not be insured (under the liability section) and uninsured (under uninsured motorist coverage) in the same policy. The court noted that public policy would allow family member exclusions from coverage to protect insurance companies from "over friendly or collusive lawsuits between family members." Id. at 1173. But the problem with applying Reid to this case is that the exclusion sought by State Farm would encompass all kinds of motorists other than family members: felons and thieves; friends and acquaintances. The actual negligent driver here was not a family member.
We think Lee v. State Farm Mutual Automobile Insurance Company, 339 So.2d 670 (Fla. 2d DCA 1976), cert. denied, 348 So.2d 954 (Fla. 1977), is controlling in this case. In Lee, the plaintiff was injured in a car driven by his brother. The brother had a liability policy, but it contained a family member exclusion. Suit was brought for uninsured motorist coverage under the plaintiff's father's policy on another car. In finding coverage, the court relied in part on the language of the insuring agreement which defined uninsured motor vehicle as a car for which no insurance was "applicable at the time of the accident with respect to any person... ." Id. at 671. But the court also clearly stated that a provision attempting to exclude uninsured motorist protection to an insured because he was riding in a car owned by the insured or a family member violated section 627.727.
In Reid, the Florida Supreme Court declined to hold that Lee was in conflict with Reid on this point. Rather, the court distinguished Lee because in that case, as in this case, there was more than one separate insurance policy involved. The court quoted with approval the Second District Court's opinion in Fonck, which revisited Lee:
The teenager was permitted to recover under the uninsured motorist provision of his father's policy after his brother's liability carrier denied coverage under the household exclusion. In Lee this court was dealing with two separate policies. There, the teenager's father had purchased the uninsured motorist protection for himself and his family, and we held the son must be afforded that protection. (Emphasis added).
Reid at 1174.
We note with interest the dictum in the Fonck case, which further persuades us that our sister court would hold the exclusion argued for in this case, as contrary to public policy. In Fonck, Hartford argued *297 that a vehicle does not become uninsured simply because coverage is not available to a particular injured party.
We do not fully concur with that rationale. Lee did not accept that principle when recovery was allowed in a situation where there was an insured vehicle. Moreover, to accept the principle completely would even foreclose the claim of a party injured, for example, by one operating a stolen but yet insured vehicle. In such an instance where the owner's coverage may not be available to the injured party, that party would have slight comfort in knowing that the negligent thief was operating an insured vehicle. See also Boulnois v. State Farm Mutual Auto Insurance Company, 286 So.2d 264, (Fla. 4th DCA 1973).
Id. at 597.
For the reasons stated in this opinion, we hold that the appellant was covered under the uninsured motorist provisions of State Farm's policies on Curtin's vehicles other than the one involved in this accident. We reach this conclusion as a matter of interpretation of the language of the policies, and, secondarily, because this result is mandated by the public policy of section 627.727. Further, this court held in Boynton v. Allstate Insurance Company, 443 So.2d 427 (Fla. 5th DCA 1984), that a motor vehicle is uninsured as that term pertains to a specific loss if the offending motorist has no insurance coverage available for the protection of the injured party, and that an applicable exclusion in his policy is the equivalent of no coverage.
REVERSED.
DAUKSCH, J., concurs.
FRANK D. UPCHURCH, Jr., J., dissents with opinion.
FRANK D. UPCHURCH, Jr., Judge, dissenting.
I respectfully dissent for the reasons set out in my dissent in Boynton v. Allstate Ins. Co., 443 So.2d 427 (Fla. 5th DCA 1984).
NOTES
[1] § 627.727, Fla. Stat. (1981).
[2] Taylor v. Safeco, Ins. Co., 298 So.2d 202 (Fla. 1st DCA 1974), involved only one insurance policy, as did Reid v. State Farm Fire & Casualty Co., 352 So.2d 1172 (Fla. 1977). Since the time Taylor was decided, the Reid court determined that an automobile cannot be both an insured and an uninsured motor vehicle at the same time as to the same policy.

Similarly, only one policy was involved in Centennial Ins. Co. v. Wallace, 330 So.2d 815 (Fla. 3d DCA 1976). The estate of a decedent employee of Florida Power & Light, injured by one of its trucks while in the course of employment, sought to claim uninsured motorist coverage under his own insurance policy because Florida Power & Light's truck was self-insured, and under the worker's compensation law, Florida Power was immune from tort liability. However, the decedent's policy clearly excluded from the definition of uninsured motorist any self-insurer.
Although there were two insurance policies involved in Hayston v. Allstate Ins. Co., 290 So.2d 67 (Fla. 3d DCA 1974), the court rejected uninsured motorist coverage under a policy wherein the plaintiff was an insured, because the owner of the car causing the accident had a liability policy that in fact covered the plaintiff.