452 So.2d 93 (1984)
Sheran PORR, Individually and As Personal Representative of the Estate of Robert Ray Ward, Appellant,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a Foreign Corporation, Appellee.
No. AO-289.
District Court of Appeal of Florida, First District.
May 30, 1984.
Rehearing Denied June 28, 1984.
Michael H. Weiss and Thomas W. Davis of Barton, Cox & Davis, Gainesville, for appellant.
W.C. O'Neal of Chandler, O'Neal, Gray, Lang & Haswell, Gainesville, for appellee.
PER CURIAM.
Porr's minor son, Robert Ray Ward, was fatally injured in an automobile accident in August, 1981. He was a passenger in a truck owned by Porr and being driven by Glenn Spradlin, a friend of Robert's. Spradlin's negligent operation of the truck caused an accident which resulted in the death of both young men. At the time of the accident, Robert resided with his mother, appellant.
Porr appeals from an order granting the motion of State Farm Mutual Automobile Insurance Company (State Farm) to dismiss Porr's complaint for failure to state a cause of action. The complaint sought recovery: (1) for personal injury protection (PIP) benefits under a State Farm policy covering the truck which was involved in the subject accident; and (2) for uninsured motorist benefits under the policy covering the truck and under two other State Farm policies covering two additional automobiles owned by Mrs. Porr. We affirm the dismissal order regarding the PIP benefits claim and the uninsured motorist claim as to the policy issued on Porr's truck but reverse the dismissal order regarding uninsured motorist coverage under the policies issued on Porr's other two vehicles.
Each of the three policies of insurance provided that there was no liability coverage for bodily injury to "any insured or any member of an insured's family residing in the insured's household." That *94 provision and the uninsured motor vehicle provisions are virtually identical to the policy provisions quoted and discussed in the recent case of Curtin v. State Farm Mutual Automobile Insurance Company, 449 So.2d 293 (Fla. 5th DCA 1984). In fact, the case at bar is on "all fours" with the Curtin case with respect to the issues regarding the uninsured motorist claims. We agree with and adopt the reasoning of the Fifth District in Curtin.
The PIP benefits issue concerns appellant's claim of entitlement under Section 627.736, Florida Statutes, to compensation by reason of the decedent's loss of income and earning capacity as a result of his death. Appellee's position is that the trial court correctly ruled that the policy covering Porr's truck did not provide for disability benefits or loss of earning capacity for the period after death.
This court has held that the Florida Automobile Reparations Act, Sections 627.730-627.741, Florida Statutes, does not contemplate coverage for loss of income or earning capacity resulting from death. Benton v. State Farm Mutual Automobile Insurance Company, 295 So.2d 344 (Fla. 1st DCA 1974); Griffin v. Travelers Indemnity Company, 328 So.2d 207 (Fla. 1st DCA 1976). The only question is whether the policy afforded such coverage.
The no-fault portion of the policy provides in part:
We will pay in accordance with the No-Fault Act for bodily injury to an insured, caused by an accident resulting from the ownership, maintenance or use of a motor vehicle:
1. Medical Expenses. * * *
2. Income Loss. 60% of loss of income and earning capacity due to the insured's inability to work caused by his or her bodily injury during the time the insured is not able to work. If the benefit is subject to federal income tax, we will pay 80% of such loss of income or earning capacity.
3. Replacement Services Loss. * * *
4. Funeral Expenses. * * *
Porr relies upon the definition elsewhere in the policy of "bodily injury":
Bodily Injury means bodily injury to a person and sickness, disease or death which results from it.
Porr asserts that the inclusion of the phrase "bodily injury" in the above Income Loss paragraph of the policy means that coverage was intended for loss of income or earning capacity after death.
The insurance policy in Griffin v. Travelers Indemnity Company, supra, included a definition of "bodily injury" similar to the above quoted definition of that phrase appearing in Mrs. Porr's policy. Griffin argued that the policy provided for payment for loss of earning capacity resulting from death since bodily injury was defined as including death and, unlike the situation in Benton v. State Farm Mutual Automobile Insurance Company, supra, the phrase bodily injury was incorporated in all specified PIP benefit categories including the income loss provision. Determinitive in the Griffin court's decision was the inclusion of the phrase at the beginning of the income loss provision: "with respect to the disability of the injured person...," and this was deemed more significant than the provision's incorporation of the phrase "bodily injury."
The policy in the case sub judice provides for "60% of loss of income ... due to the insured's inability to work caused by bodily injury during the time the insured is not able to work." (e.s.) We are of the view that the subject policy's income loss provision contemplated that the policy would provide lost income benefits to an injured insured only until the insured recovered or died. Since the phrase "during the time the insured is not able to work" contemplates the injured insured's recuperative period, the presence of the term "bodily injury" in the paragraph is controlled by the former phrase.
For the above reasons, the trial court's dismissal order is Affirmed in part and Reversed in part, and this cause is Remanded for reinstatement of that portion of the complaint which seeks recovery under *95 the uninsured motorist provisions of the policies insuring Porr's two vehicles other than her truck.
SMITH, JOANOS and NIMMONS, JJ., concur.