MILLS, Judge.
Johnson appeals from a final judgment denying his claim for uninsured motorist (UM) coverage under two insurance policies issued by State Farm. We reverse.
On 17 January 1981, Johnson was injured while riding as a passenger in a Chevrolet truck owned by his uncle, James Townsend, and insured under a policy issued by State Farm. Johnson claimed that his injuries resulted from the negligence of Reginald Townsend, the driver, who was the son of James Townsend. At the time of the accident, Reginald was driving the truck with James’ consent, and both Johnson and Reginald were residing in James’ home.
Initially, Johnson sued his cousin, his un,cle, and State Farm for his damages. Final judgment was entered for State Farm on that suit based on the policy clause which excluded liability coverage for bodily injury to “any insured or any member of an insured’s family residing in the insured’s household.”
Johnson then instituted the present suit, claiming UM coverage under the same policy. After State Farm moved to dismiss on authority of Reid v. State Farm Fire and Casualty Company, 352 So.2d 1172 (Fla. 1977), Johnson amended his complaint to instead allege UM coverage under two policies insuring two other automobiles owned by Townsend. Both policies contained the following provisions:
We will pay damages for bodily injury an insured is legally entitled to collect from the owner or driver of an uninsured motor vehicle. The bodily injury must be caused by accident arising out of the operation, maintenance or use of an uninsured motor vehicle.
Uninsured Motor Vehicle — means:
1. a land motor vehicle, the ownership, maintenance or use of which is:
a. not insured or bonded for bodily injury liability at the time of the accident; or
b. insured or bonded for bodily injury liability at the time of the accident; but
[[Image here]]
(2) the limits of liability are less than the limits of uninsured motor vehicle coverage that apply to the insured; or
(3) the insuring company denies coverage or is or becomes insolvent;
*900 [[Image here]]
An uninsured motor vehicle does not include a land motor vehicle:
1. insured under the liability coverage of this policy; (Emphasis added)
The parties stipulated to the above facts, and the action was tried by the court sitting without a jury. The trial court found that the Chevrolet truck in which Johnson was a passenger was not an “uninsured vehicle” as defined by the policies and that, as a result, he was not covered by the UM provisions of those two policies. Final judgment was entered in favor of State Farm, and this appeal ensued.
In a case involving identical policy provisions, the Fifth District Court of Appeal recently faced the same question posed here in Curtin v. State Farm Mutual Automobile Insurance Company, 449 So.2d 293 (Fla. 5th DCA 1984) [9 FLW 218]. State Farm argued there, as they do here, that the vehicle involved in the accident was in fact insured and therefore could not be an “uninsured vehicle” under the terms of the policies. We agree with the Fifth District that the vehicle was an “uninsured vehicle” because State Farm had “denied coverage” and because a contrary interpretation would violate the intent of Florida’s Uninsured Motorist Statute, Section 627.-727, Florida Statutes (1983), which is to allow “every insured ... to recover for the damages he or she would have been able to recover if the offending motorist had maintained a policy of liability insurance.” 449 So.2d at 295 (quoting Mullis v. State Farm Mutual Automobile Insurance Company, 252 So.2d 229, 234 (Fla. 1971)).
Our disposition of this issue makes it unnecessary to address the other point raised by Johnson.
REVERSED.
SMITH and NIMMONS, JJ., concur.