ZEHMER, Judge
(dissenting).
Appellee’s motion for clarification vividly points up the need to clarify the court’s opinion by remanding with leave for the parties to adduce further evidence on the precise agreement between appellee Johnson and his trial and appellate attorneys, as noted in my dissent to the court’s opinion.
Appellee’s motion alleges, and the record reflects, that he was represented at trial, on the prior appeal in Johnson v. State Farm Fire and Casualty Co., 451 So.2d 898 (Fla. 1st DCA 1984), review denied, 496 So.2d 137 (Fla.1986), and on this appeal, by attorney David R. Lewis and his law firm, Lewis, Paul, Isaac & Castillo, P.A. Johnson had originally employed Mr. Burnett as his attorney, and it was the original agreement between Johnson and Burnett that is referred to as the one-third contingent fee contract in the record and in the court’s opinion; the record does not contain any testimony of the terms of Johnson’s employment of the Lewis firm some year and a half after Mr. Burnett was employed, as the quoted statements set forth in the court’s opinion readily show. The absence of testimony on the agreement with Lewis is attributable, no doubt, to the fact that the attorney fee issue was submitted and resolved in appellee’s favor by the trial court’s ruling that Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985), would not be retroactively applied in this case. This ruling made the terms of Johnson’s contract with Lewis of no compelling significance in the view of the trial court, appellee and appel-lee’s counsel because a reasonable fee *943 would be due under the law and customary practice followed before Rowe without regard to the precise terms of the agreement between Johnson and Burnett or Lewis.
As I have pointed out in my dissent, it had been customary for attorney fee contracts to impliedly or expressly include an agreement that the ultimate fee due by the client to the lawyer, when a contractual or statutory right to reimbursement by the opposing party for attorneys fee exists, would be not less than the amount of the agreed contingency nor an amount greater than the reasonable fee set by the court. Such fee arrangements simply effectuated the ethical restriction that lawyers should not charge more than a reasonable fee. Such understandings have been impliedly, as well as expressly, a part of fixed fee, hourly rate, and contingent fee contracts. Therefore, at the very least, the parties and the trial court should be afforded an opportunity to review evidence of the terms of appellee’s contract with his present attorneys so that the trial court can properly and correctly apply the Rowe principles to an accurately determined state of facts.
State Farm opposes the motion for clarification and permitting any evidence of Johnson’s contract with Lewis, contending that Johnson and Lewis had ample opportunity to present evidence of their contract, and that if Lewis’s contract were any different from that between Johnson and Burnett, such fact has not been argued before now, either to the trial court or to this court: Thus, State Farm argues, “Having failed to assert this issue either before the trial court or in briefs or in oral argument before this court, Appellee may not now raise it for the first time”. (Appellant’s Reply, p. 2.) I grant this argument has not been previously made, but for a good reason. It was not until receipt of this court’s opinion that appellee was informed that (1) Rowe would be applied retroactively, (2) under Rowe the fee to be awarded could not exceed the contingent fee agreement between the parties, and (3) that this court would not remand for the parties to present "evidence of the fee agreement which had now become, by reason of the court’s opinion, most relevant and material to the disposition of the claim for attorney’s fees. We should not penalize appel-lee for not presenting evidence of an agreement which was not essential to the trial court’s disposition of the issue. The correct procedure, since we are reversing on a legal principle not applied correctly in the lower court, is to remand the case for further proceedings in accordance with the correct principle of law, including additional findings of fact relevant to that principle. This court should not speculate or undertake to make any findings of fact determining what the actual agreement was, but leave that function to the trial judge in this instance.'
For all of these reasons, I respectfully dissent.