We granted certiorari to determine whether the Court of Civil Appeals was correct in its holding in the present case. That court determined that the exclusion of an "insured motor vehicle" from the definition of "uninsured motor vehicle" in the policy in question was not void and unenforceable as an attempt to restrict the uninsured motorist coverage of the Alabama Uninsured Motorist Statute. We affirm.
The facts made the basis of this suit are that on September 13, 1979, Nora O'Hare, wife of the plaintiff, James J. O'Hare, was involved in a one-car accident and sustained injuries which resulted in her death. Mrs. O'Hare was a passenger in her own automobile, which was being driven by Sheldon P. Weeks. The O'Hare car was insured by State Farm Mutual Automobile Insurance Company (State Farm) but the driver, Weeks, carried no separate insurance. At issue is count three of plaintiff's complaint, which sought recovery of $10,000 from State Farm under the uninsured motorist provisions of Mrs. O'Hare's automobile policy. Summary judgment was granted State Farm as to count three on the grounds that under the policy her car was an "insured motor vehicle" and the uninsured motorist provisions exclude coverage as to an insured vehicle. The Court of Civil Appeals affirmed and denied rehearing, and plaintiff now petitions this Court for relief.
The question presented for review is whether Mrs. O'Hare was injured by the operator of an "uninsured motor vehicle." We hold that she was not and affirm.
Petitioner James O'Hare sets forth basically the same argument as one recently addressed by this Court in Watts v.Preferred Risk Mutual Ins. Co., 423 So.2d 171 (Ala. 1982). InWatts the plaintiffs argued that if there was no coverage for the driver under the liability provision, due to a violation of the policy's notice requirements, then the driver became an uninsured motorist. Such a position would have allowed recovery under the uninsured motorist provisions of the policy. In the present case, O'Hare asserts that uninsured motorist coverage should be available because there is no liability coverage of the insured due to a policy exclusion. The exclusion specifically prohibits recovery for bodily injury by the insured or any resident family member under the liability provision. Writing for the Court in Watts, Justice Shores stated: "The argument is an interesting one, but not persuasive."
To support his contention here that recovery should be allowed under the uninsured motorist provisions of the policy, petitioner claims two things. First he asserts that the policy in question is ambiguous in its definition of the words "uninsured" and "insured" within the context of both the liability and uninsured motorist provisions; thus, he says they should be construed against the insurer to allow coverage for the insured. *Page 1302 
Next, he argues that the rationale used in applying the "household exclusion" to deny coverage restricts the uninsured motorist coverage mandated by Code of Ala. 1975, § 32-7-23.
The Alabama Uninsured Motorist Statute, Code of 1975, §32-7-23, provides in pertinent part:
 "No automobile liability or motor vehicle liability policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in limits for bodily injury or death set forth in subsection (c) of section 32-7-6, . . . for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom. . . ." (Emphasis added.)
As stated in Watts, supra:
 "We note that, although § 32-7-23 is entitled `Uninsured Motorist Coverage' and is frequently referred to in that manner, both the statute and insurance policies deal with the motor vehicle which is uninsured, not the motorist. Lefeve v. State Farm Mut. Auto. Ins. Co., 527 F. Supp. 492, 494 n. 4 (N.D.Ala. 1981).
 "Section 32-7-23 itself does not define an uninsured motor vehicle, and prior Alabama cases which have done so did not involve a situation where liability coverage is initially present but coverage is later denied, thus raising the uninsured motorist question in the posture in which it is presented here. Wilbourn v. Allstate Ins. Co., 293 Ala. 466, 305 So.2d 372 (1974); Higgins v. Nationwide Mut. Ins. Co., 291 Ala. 462, 282 So.2d 301 (1973). . . ."
The intent of the uninsured motorist coverage issued in the State Farm policy is found in the following pertinent provisions. An examination of the policy language is necessary to determine whether an uninsured motor vehicle is involved in the present case.
 "COVERAGE U — DAMAGES FOR BODILY INJURY CAUSED BY UNINSURED MOTOR VEHICLES
 "To pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured motor vehicle. . . .
". . . .
"THIS INSURANCE DOES NOT APPLY:
". . . .
 "(b) TO BODILY INJURY TO AN INSURED WHILE OCCUPYING
OR THROUGH BEING STRUCK BY A LAND MOTOR VEHICLE OWNED BY THE NAMED INSURED. . . .
". . . .
"Insured — The unqualified word `insured' means:
 "(1) the first person named in the declarations and while residents of his household, his spouse and the relatives of either;
 "(2) any other person while occupying an insured motor vehicle; . . .
". . . .
"Insured Motor Vehicle — means:
 "(1) an owned motor vehicle provided the use thereof is by such first named insured or resident spouse or any other person to whom such first named insured or resident spouse has given permission to use such vehicle if the use is within the scope of such permission. . . .
". . . .
"Uninsured Motor Vehicle — means:
 "(1) a land motor vehicle with respect to the ownership, maintenance or use of which there is in at the least amounts specified by the financial responsibility *Page 1303 
law of the state in which the described motor vehicle is principally garaged, no bodily injury liability bond or insurance policy applicable at the time of the accident with respect to any person or organization legally responsible for the use of such vehicle, or with respect to which there is a bodily injury liability bond or insurance policy applicable at the time of the accident but the company writing the same denies that there is any coverage thereunder or is or becomes insolvent. . . .
". . . .
 "but the term uninsured motor vehicle shall not include:
 "(i) a vehicle defined herein as an insured motor vehicle; "
Contrary to petitioner's claim, we believe that the language in the State Farm policy issued to Mrs. O'Hare is unambiguous. The policy language excluding the insured from coverage "while occupying or through being struck by a land motor vehicle owned by the named insured" is clear and should be upheld. Insurance Companies may by appropriate exclusions and exclusionary definitions protect themselves through a valid contract. Mathisv. Auto-Owners Ins. Co., 387 So.2d 166 (Ala. 1980). Further, citing several Florida cases, we held in Watts that an insured automobile does not become uninsured because liability coverage may not be available to a particular individual. Taylor v.Safeco Insurance Co., 298 So.2d 202 (Fla.Dist.Ct.App. 1974);Centennial Insurance Co. v. Wallace, 330 So.2d 815
(Fla.Dist.Ct.App. 1976).
Next, petitioner argues that restrictive policy provisions in derogation of the uninsured motorist statute should be held void and unenforceable as against public policy, citing Higginsv. Nationwide Mutual Ins. Co., 291 Ala. 462, 282 So.2d 301
(1973); Alabama Farm Bureau Mut. Cas. Ins. Co. v. Mitchell,373 So.2d 1129 (Ala.Civ.App. 1979). He contends that the exclusion in the State Farm policy is void as being more restrictive, thereby conflicting with the uninsured motorist statute. We cannot agree. Here, as in the Watts case, the recognized "rule is inapplicable . . . where the claimant has no statutory right to uninsured motorist coverage," and we wrote in Watts "[T]he statute [§ 32-7-23] necessarily contemplates that the motorist against whom liability is sought to be imposed is operating an uninsured vehicle." 423 So.2d at 175.
Petitioner claims that the Court of Civil Appeals erred in applying the household exclusion in this case. The household exclusion has been consistently upheld by Alabama courts, inLammers v. State Farm Mutual Automobile Ins. Co., 48 Ala. App. 36, 261 So.2d 757, cert. denied, 288 Ala. 745, 261 So.2d 766
(1972); Byrd v. Alabama Farm Bureau Mutual Casualty Ins. Co.,366 So.2d 1108 (Ala. 1979); and Mathis v. Auto-Owners Ins. Co.,supra. Based on the specific facts in this case and our holding in Watts, we do not find error on the part of the Court of Civil Appeals in viewing the present policy exclusion in the same light as the household exclusions at issue in the line of cases cited. Here, as in Reid v. State Farm Fire and CasualtyCo., 352 So.2d 1172 (Fla. 1977), the automobile, "which is defined in the policy as the insured motor vehicle, is the same vehicle which [petitioner], under the uninsured motorist provision of the policy claims to be an uninsured motor vehicle." 352 So.2d at 1174.
In our view the Court of Civil Appeals was correct in writing:
 "The Supreme Court of Mississippi in the case of Aitken v. State Farm Mutual Automobile Insurance Co., 404 So.2d 1040 (Miss. 1981), in interpreting a similar policy under similar facts held that the motor vehicle cannot be both insured and uninsured in the same policy. Neither can a driver be insured as a permissive driver and at the same time be uninsured for purposes of uninsured motorist coverage. . . ."
For the reasons stated, the judgment of the Court of Civil Appeals is hereby affirmed.
AFFIRMED.
All the Justices concur. *Page 1304