This is an uninsured motorist case.
Charles A. Dale is a fireman with the City of Russellville, Alabama. On September 21, 1981, he was injured in a one-vehicle accident while returning from an emergency call. On November 10, 1982, Dale filed suit against both the driver of the fire truck, Ray Nichols, and the person that was responsible for directing the movement of the truck, Harlon Hutcheson, alleging that their negligent or wanton acts had caused his injuries. Dale also named the insurer of his personal automobiles, State Farm Mutual Automobile Insurance Company, as a defendant, claiming uninsured motorist benefits. On January 4, 1983, Dale amended his complaint, adding the Home Insurance Company (Home) as a defendant, alleging that he was entitled to uninsured motorist benefits under a policy issued to the City of Russellville covering the fire truck involved in the accident. On August 12, 1983, Home filed a motion for summary judgment, contending that, as a matter of law, Dale could not claim uninsured motorist benefits under the Home policy. Home's motion was granted and later entered as a final order on March 8, 1985. Dale appeals that order. *Page 1291 
Alabama's uninsured motorist statute, § 32-7-23, Code of Alabama 1975, authorizes "insurance for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles."
Our courts have stated that uninsured motorist coverage is intended to provide financial recompense to innocent victims who are injured and to dependents of those who are killed because of the wrongful conduct of uninsured motorists. GulfAmerican Fire and Casualty Company v. Gowan, 283 Ala. 480,218 So.2d 688 (1969).
The issue in this case may be stated simply: Can Dale claim uninsured motorist benefits under the Home policy covering the fire truck upon which he was riding when he was injured in the one-vehicle accident?
Dale argues that as the result of a "fellow employee" exclusion contained in the liability endorsement of the Home policy, the fire truck upon which he was riding was, at the time of the accident, "uninsured" as to him, even though he is an "insured" under the language of the policy. On this issue, we find the case of Ex parte O'Hare, 432 So.2d 1300 (Ala. 1983), controlling and affirm.
In O'Hare it was noted that both § 32-7-23 and insurance policies deal with the motor vehicle which is uninsured, not the motorist. See also Watts v. Preferred Risk InsuranceCompany, 423 So.2d 171 (Ala. 1982). The supreme court went on to hold that "an insured automobile does not become uninsured because liability coverage may not be available to a particular individual." O'Hare, supra. See also Watts, supra.
It is clear to us, that in the present case, the fire truck cannot be both an "insured vehicle", with coverage for plaintiff under the uninsured motorist provision of the Home policy, and an "uninsured vehicle" under the same Home policy. Dale is not legally entitled to claim uninsured motorist benefits under the Home policy under these facts.
In light of the foregoing, we are of the opinion that the trial court's granting of summary judgment for Home is due to be, and it hereby is, affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.