This case poses the question of whether an insurance policy issued by State Farm Mutual Automobile Insurance Company ("State Farm") provided plaintiff's intestate, Stevie C. Swain, with uninsured motorist coverage. The trial court entered a summary judgment for State Farm, relying principally on this Court's decision in Ex parteO'Hare, 432 So.2d 1300 (Ala. 1983). Because we hold thatEx parte O'Hare does not apply to the facts sub judice, we reverse and remand.
The parties do not dispute the facts, which were stipulated in the trial court. This action arises out of an accident involving one vehicle, which occurred on February 29, 1984, when a 1979 Toyota, driven by Gordon Wayne Johnson, struck a bridge on U.S. Highway 80 in Russell County, Alabama. The Toyota was owned by Gordon's mother, Bennie Mae Johnson, and was insured by State Farm under Policy No. 417 1282-B20-01B.
Gordon Wayne Johnson did not reside in the home of his mother and, thus, did not meet the policy's definition of a "relative." *Page 854 
He was covered under the policy insuring the Toyota, nonetheless, because he was driving the vehicle with his mother's permission and within the scope of her consent when the accident occurred.
Riding in the Toyota as a passenger was the plaintiff's intestate, Stevie C. Swain. Swain was the son-in-law of Bennie Mae Johnson and a resident relative of her household; therefore, Swain met State Farm's definition of "insured" under the policy issued for the Toyota. At the same time, Swain fell squarely under a liability exclusion in that policy that is commonly called the "household exclusion," in that he was a member of Mrs. Johnson's family and resided in her household at the time of the accident. State Farm denied liability coverage to the administratrix of Swain's estate on the basis of that exclusion.
Bennie Mae Johnson owned a second vehicle, a 1980 Plymouth Horizon, which she also insured with State Farm but under a totally separate insurance policy (Policy No. 436 4747-EO1-01D). As a resident relative, the plaintiff's intestate met the definition of "insured" under the policy on the Horizon as well.
Once State Farm had denied liability coverage to the estate of Stevie C. Swain due to the "household exclusion," the administratrix of that estate filed a complaint that sought to make an uninsured motorist claim under either or both of the State Farm policies issued to Bennie Mae Johnson.
Both the defendant and the plaintiff moved for summary judgment on the issue of whether uninsured motorist coverage was available to the estate of plaintiff's intestate, Swain, under either of the two policies of insurance issued to Bennie Mae Johnson by State Farm, and both submitted briefs in support of their positions. The trial court held that the plaintiff's intestate was not covered by either policy and granted summary judgment in favor of State Farm; the administratrix of the estate appeals.
The issue regarding the availability of uninsured motorist coverage under the policy insuring the 1979 Toyota is not before us. The plaintiff concedes in her brief that our holding in Ex parte O'Hare, supra, controls as to that question.
Thus, the sole issue before us is whether a vehicle, which is insured for liability under one policy, but coverage thereunder has been denied, can be considered an uninsured motor vehicle under a policy of insurance issued onanother vehicle. The plaintiff contends that the uninsured motorist coverage is afforded by the plain and unambiguous construction of State Farm's policy language. State Farm, on the other hand, insists that the issue is controlled by Ex parte O'Hare, supra, and Dalev. Home Ins. Co., 479 So.2d 1290 (Ala.Civ.App. 1985), which it argues, stand for the proposition that an insured vehicle does not become uninsured simply because liability coverage may not apply to a particular individual.
The proposition on which State Farm relies first appeared in Watts v. Preferred Risk Mutual Ins. Co.,423 So.2d 171 (Ala. 1982), in which this Court held that a denial of liability coverage, due to the lack of cooperation by the named insured, did not entitle the passenger in a vehicle to make a claim for uninsured motorist coverage under the policy insuring that vehicle. In that case, we adopted the logic in the holding of a Florida Supreme Court decision, Reid v.State Farm Fire Casualty Co., 352 So.2d 1172 (Fla. 1977), because "we [were] persuaded that the Florida court correctly construed the exclusion where the same vehicle [was] involved in the claim for liability coverage and the uninsured motorist coverage." 423 So.2d at 175.
In Watts, we quoted from the Reid
decision as follows:
 " 'We hold that the family car in this case is not an uninsured motor vehicle. It is insured and it does not become uninsured because liability coverage may not be available to a particular individual. Taylor v. Safeco Insurance Co., 298 So.2d 202 (Fla. 1st DCA 1974); Centennial Insurance Co. v. Wallace, 330 So.2d 815 (Fla. 3d DCA 1976).
 " 'We recognize, as a general rule, that an insurer may not limit the applicability *Page 855 
of uninsured motorist protection. Hodges v. National Union Indemnity Co., 249 So.2d 679
(Fla. 1971); Salas v. Liberty Mutual Fire Insurance Co., 272 So.2d 1 (Fla. 1972). We believe, however, that the present case is factually distinguishable from previous cases and is an exception to the general rule. Here the family car, which is defined in the policy as the insured motor vehicle, is the same vehicle which appellant, under the uninsured motorist provision of the policy, claims to be an uninsured motor vehicle.' " 423 So.2d at 175.
The proposition on which State Farm relies again appeared in Ex parte O'Hare, in which this Court upheld the exclusionary definition in the uninsured motorist coverage, which stated: "but the term uninsured motor vehicle shall not include (i) a vehicle defined herein as an insured motor vehicle." 432 So.2d at 1303. We found that this exclusion was reasonable in light of our holding in Watts. We went on to say:
 "Here, as in Reid v. State Farm Fire and Casualty Co., 352 So.2d 1172 (Fla. 1977), the automobile, 'which is defined in the policy as the insured motor vehicle, is the same vehicle which [petitioner], under the uninsured motorist provision of our policy claims to be an uninsured motor vehicle.' 352 So.2d at 1174.
 "In our view the Court of Civil Appeals was correct in writing:
 " 'The Supreme Court of Mississippi in the case of Aitken v. State Farm Mutual Automobile Insurance Co., 404 So.2d 1040
(Miss. 1981), in interpreting a similar policy under similar facts held that the motor vehicle cannot be both insured and uninsured in the same policy. Neither can a driver be insured as a permissive driver and at the same time be uninsured for purposes of uninsured motorist coverage. . . .' "
(Emphasis added.) 432 So.2d at 1303.
Actually, the holding in Reid, the logic of which we had previously adopted, was squarely on point to the issue in O'Hare. Both cases addressed the same exclusion in a State Farm policy and both involved the denial of liability coverage to a passenger because of the household exclusion. In both cases, the passengers had then attempted to make an uninsured motorist claim under the very policy that had initially excluded them from liability coverage. Under those circumstances, we quoted from Reid, 352 So.2d at 1173, when we wrote that "an insured automobile does not become uninsured because liability coverage may not be available to a particular individual." 432 So.2d at 1303.
The Court of Civil Appeals addressed the same situation inDale v. Home Insurance Co., 479 So.2d 1290
(Ala.Civ.App. 1985). Dale concerned a fireman who was injured in an accident involving the fire truck in which he was riding. The insurance company denied liability coverage due to the "fellow employee" exclusion; the fireman then tried to assert a claim for uninsured motorist coverage under the policy on the fire truck. Citing Watts andO'Hare, the Court of Civil Appeals held:
 "It is clear to us, that in the present case, the fire truck cannot be both an 'insured vehicle,' with coverage for plaintiff under the uninsured motorist provision of the Home [Insurance Company] policy, and an 'uninsured vehicle' under the same Home policy.
Dale is not legally entitled to claim uninsured motorist benefits under the Home policy under these facts."
(Emphasis added.) 479 So.2d at 1291.
The courts in these cases have consistently held that, when the insurance carrier of the vehicle involved in an accident denies liability coverage to an individual because of an applicable liability exclusion or exclusionary definition, that denial does not trigger the availability of uninsured motorist coverage to that individual under the same
policy.
Thus, State Farm has taken the proposition on which it relies out of context. Its reliance on O'Hare andDale is misplaced because those cases do not address the present issue of whether an individual who has had liability coverage and uninsured motorist coverage denied to him under the policy covering the vehicle in which he was *Page 856 
riding can press a claim for uninsured motorist coverage under another and different policy of insurance. The question posed to us here is one of first impression in this state.
An examination of the policy language for the 1980 Plymouth Horizon automobile is necessary in order to determine whether uninsured motor vehicle coverage is involved in the present case. The insuring agreement provides:
 "SECTION III — UNINSURED MOTOR VEHICLE — COVERAGE U.
 "We will pay damages for bodily injury an insured is legally entitled to collect from the owner or driver of an uninsured motor vehicle. The bodily injury must be caused by accident arising out of the operation, maintenance or use of an uninsured motor vehicle."
Thus, this policy issued to Bennie Mae Johnson on the 1980 Horizon obligated State Farm to pay uninsured motorist coverage, in the instant case, if: (a) Swain was an insured; (b) the 1979 Toyota in which he was a passenger was an uninsured motor vehicle; and (c) if none of the exclusions or conditions, as defined in the policy, were applicable.
Under the uninsured motorist coverage section of the policy, "insured" was defined as follows:
"Who Is An Insured.
 "Insured — means the person or persons covered by uninsured motor vehicle coverage.
"That is:
 "1. the first person named in the declarations;
"2. his or her spouse;
"3. their relatives; . . .
". . . .
 "Relative — means a person related to you or your spouse by blood, marriage or adoption who lives with you. It includes your unmarried and unemancipated child away at school."
The plaintiff's intestate falls within the omnibus class one definition of insured under this policy. (The parties also stipulated to this fact.)
We must next determine if, by the terms of the policy, the plaintiff was injured by an uninsured motor vehicle. The policy language provides, in pertinent part:
"An Uninsured Motor Vehicle — means:
 "1. a land motor vehicle, the ownership, maintenance or use of which is:
". . . .
 "b. insured or bonded for bodily injury liability at the time of the accident; but
". . . .
 "(2) the insuring company denies coverage or is or becomes insolvent. . . ."
That the 1979 Toyota was insured for liability at the time of this accident is not contested; nor is it disputed that the carrier for the 1979 Toyota denied plaintiff's intestate liability coverage under the "household exclusion," which provides:
"SECTION I — LIABILITY — COVERAGE A
"When Coverage A Does Not Apply.
 "In addition to the limitations of coverage in 'Who Is An Insured' and 'Trailer Coverage':
"THERE IS NO COVERAGE:
". . . .
"2. FOR ANY BODILY INJURY TO:
". . . .
 "(c) ANY INSURED OR ANY MEMBER OF AN INSURED'S FAMILY RESIDING IN THE INSURED'S HOUSEHOLD."
Therefore, by the terms and definitions of its policy, the 1979 Toyota would appear to be an "uninsured motor vehicle." This is especially true in light of the rules of construction of insurance policies:
 "The law of this state regarding the construction of insurance policies is well settled and clear. 'The contract of insurance will be construed strictly against the insurer and liberally in favor of the insured [citations omitted.] Ambiguous provisions of an insurance policy will be construed most strongly against the insurer and in favor of the insured.' Life Insurance Co. of Georgia v. Miller, 292 Ala. 525, 531, 296 So.2d 900, 906 (1974). Exceptions to coverage in a policy of insurance must be interpreted as narrowly *Page 857 
as possible in order to provide maximum coverage of the insured. Employers Insurance Co. of Alabama, Inc. v. Jeff Gin Co., 378 So.2d 693
(Ala. 1979); Westchester Fire Insurance Co. v. Barnett Millworks, Inc., 364 So.2d 1137
(Ala. 1978); Life Insurance Co. of Georgia v. Miller, 292 Ala. 525, 296 So.2d 900, on remand 53 Ala. App. 741, 296 So.2d 907 (1974); see Booker T. Washington Burial Ins. Co. v. Williams, 27 Ala. App. 393, 173 So. 269
(1937). Finally, the provisions in an automobile liability policy are to be construed liberally in favor of the insured. United States Fidelity Guaranty Co. v. Baker, 24 Ala. App. 274, 134 So. 894, cert. denied, 223 Ala. 172, 134 So. 896 (1931)."
Cotton States Mutual Ins. Co. v. Michalic,443 So.2d 927, 930 (Ala. 1983), overruled on other grounds, Holt v.State Farm Mutual Auto. Ins. Co., 507 So.2d 388 (Ala. 1986).
Unless this coverage is limited or restricted by the policy exclusion or definitions, we must apply these rules of construction and afford the estate of plaintiff's intestate with the uninsured motorist coverage that it seeks. The policy language contains only two exclusionary definitions that are even remotely pertinent. They provide:
 "An uninsured motor vehicle does not include a land motor vehicle:
 "1. insured under the liability coverage of this policy; [or]
 "2. furnished for the regular use of you, your spouse or any relative. . . ."
Definition number one is inapplicable to this case, because the only vehicle insured by this policy, and thus the only vehicle excluded by O'Hare, is the 1980 Horizon. Under "SECTION I — LIABILITY — COVERAGE A," the State Farm policy for the 1980 Horizon reads:
"We will:
 "1. pay damages which an insured becomes legally liable to pay because of:
"a. bodily injury to others, and
 "b. damage to or destruction of property including loss of its use
 "caused by accident resulting from the ownership, maintenance or use of your car." (Emphasis added.)
On page three of this policy, State Farm defines "WORDS WHICH ARE USED IN SEVERAL PARTS OF THE POLICY." Included under these definitions is the following: "Your Car — means the car or the vehicle described on the declarations page." The sole vehicle listed on the declarations page for Policy No. 436 4747-EO1-01D is the 1980 Horizon.
The question concerning the applicability of exclusionary definition two to the instant facts, although not raised or briefed on this appeal by the parties, appears to be controlled by our holding in State Farm Mutual Ins. Co.v. Jackson, 462 So.2d 346 (Ala. 1984).
Thus, we find nothing in the policy language for the 1980 Horizon that would allow State Farm to deny uninsured motorist coverage to the estate of Stevie Swain. Our holding arises from a plain construction of the policy language, the rules of construction for insurance policies, and the existing case law.
Our holding also agrees with the result reached by the Florida courts in Curtin v. State Farm Mutual Auto. Ins.Co., 449 So.2d 293 (Fla.Dist.Ct.App. 1984), reviewdismissed, 496 So.2d 815 (Fla. 1986), and Lee v.State Farm Mutual Auto. Ins. Co., 339 So.2d 670
(Fla.Dist.Ct.App. 1976), cert. denied, 348 So.2d 954
(Fla. 1977). These cases stand for the proposition that uninsured motorist coverages, under policies insuring vehicles other than the one involved in the accident, are available to passengers once the liability coverage on the vehicle involved in the accident has been denied to them.
Our holding here does not modify the holdings in any of the cases cited in this opinion. We are merely distinguishing the facts here from the facts in those cases in much the same way as the Florida Supreme Court distinguished the Lee
decision from its holding in Reid v. State Farm Fire Casualty Co., 352 So.2d at 1174, when it wrote:
 "The situation here is also distinguishable from that in Lee v. State Farm Mutual Auto. Ins. Co., 339 So.2d 670 *Page 858 
(Fla. 2d DCA 1976), decided while this appeal was pending. In Lee a teenager was injured in a one car accident while a passenger in an automobile owned and operated by his brother. The teenager was permitted to recover under the uninsured motorist provision of his father's policy after his brother's liability carrier denied coverage under the household exclusion. In Lee this court was dealing with two separate policies. There, the teenager's father had purchased the uninsured motorist protection for himself and his family, and we held the son must be afforded that protection. Here, we are dealing with Fonck's claim under the uninsured motorist provision of the same policy under which the liability coverage was validly excluded — a policy which made Fonck an insured solely because of his status of occupying the vehicle as an employee and not because of any coverage he purchased. . . ." (Emphasis added.)
For the aforementioned reasons, the summary judgment in favor of State Farm is reversed, and the case is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
MADDOX, ALMON, ADAMS and HOUSTON, JJ., concur.