HOUSTON, Justice.
Rosslyn Phyall appeals from a summary judgment entered for Allstate Insurance Company and against Ms. Phyall on her claim for uninsured motorist coverage. We affirm.
The parties stipulated the following pertinent facts for purposes of the summary judgment motion:
“1. Rosslyn Phyall and Adam Phyall, Jr., are husband and wife and are presently and have been residing in the same household.
“2. [Allstate] issued a policy of insurance to [Mr. Phyall] insuring a 1966 Chevrolet automobile....
“3. [Ms. Phyall] was injured as a proximate result of a one-car accident. She was a passenger in the 1966 Chevrolet automobile which was operated by her husband [Mr. Phyall], when the same left the roadway and collided with a utility pole.
“4. There are no other policies of insurance on the said automobile nor does [Mr. Phyall] have any other policies issued by [Allstate], other than the one policy on the 1966 Chevrolet....”
The portion of the policy providing liability insurance coverage for bodily injury contains the following exclusion:
“EXCLUSIONS — What Is Not Covered
“This coverage does not apply to liability for
[[Image here]]
“(6) bodily injury to any person related to a person insured by blood, marriage, or adoption and residing in that person’s household.”
Ms. Phyall does not argue here that she was not excluded under this provision. She has dismissed her complaint against her husband and is proceeding solely against Allstate under the uninsured motorist coverage. She contends that, because she is excluded under the liability coverage, she is covered by the uninsured motorist coverage. We disagree.
In the amendment to the uninsured motorist coverage provision that was in effect when the accident occurred, the following appeared:

“An uninsured auto is not:

[[Image here]]
“(2) a motor vehicle which is insured under the Liability Insurance coverage of this policy.”
The 1966 Chevrolet in which Ms. Phyall was riding was insured under the liability *304 coverage of the policy at the time of the accident.
The uninsured motorist insurance coverage provision reads:
“[Allstate] will pay damages for bodily injury ... which a person insured is legally entitled to recover from the owner or operator of an uninsured auto.”
The 1966 Chevrolet was not “an uninsured auto.” Therefore, Ms. Phyall is not entitled to recover under this uninsured motorist coverage. Ex parte O’Hare, 432 So.2d 1300 (Ala.1983); Watts v. Preferred Risk Mutual Ins. Co., 423 So.2d 171 (Ala. 1982); Dale v. Home Insurance Co., 479 So.2d 1290 (Ala.Civ.App.1985). In Watts v. Preferred Risk Mutual Ins. Co., supra, the following appears:
“ ‘We hold that the family car in this case [in the case at issue, the 1966 Chevrolet] is not an uninsured motor vehicle. It is insured and it does not become uninsured because liability coverage may not be available to a particular individual....”’
423 So.2d at 175, quoting Reid v. State Farm Fire and Cas. Co., 352 So.2d 1172, 1173-74 (Fla.1977).
The trial court did not err in entering Allstate’s summary judgment.
AFFIRMED.
HORNSBY, C.J., and MADDOX, JONES and KENNEDY, JJ., concur.