[ PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 98-6854

_____

D.C. Docket No. 97-00677-CV-TMP-NE

GOLDA WEBB,

                                                Plaintiff-Appellant,

versus

ZURICH INSURANCE COMPANY,

                                                Defendant-Appellee

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____
**(January 12, 2000)**

Before BLACK, Circuit Judge, GODBOLD and FAY, Senior Circuit Judges.

GODBOLD, Senior Circuit Judge:

    This action arose from a default judgment taken by plaintiff Golda Webb in

Alabama state court for personal injuries sustained when she fell at a shopping mall

insured by Zurich Insurance Company.  We must decide whether summary judgment

was properly granted in favor of Zurich because it did not receive actual notice of Webb's lawsuit as was required by a policy provision with its insured even though the evidence showed that Zurich received notice of Webb's pre-suit claim. We affirm the district court's decision because Zurich was entitled to post-filing notice of the lawsuit pursuant to its policy with the shopping mall.

Golda Webb fell and injured her leg at the River Oaks Center shopping mall, a subsidiary of Bramalea, Inc. Representatives of River Oaks had immediate notice of Webb's fall and made a loss prevention report concerning the incident. Webb's counsel notified River Oaks that a claim was being made for injuries and that it should notify its liability insurance carrier. Zurich Insurance Company supplied liability insurance to River Oaks pursuant to a contract with Bramalea.

Bramalea investigated Webb's claim, and in August of 1995 Webb's attorney wrote a letter to Bramalea's investigating agency offering to settle the claim. Although this letter threatened a lawsuit, no lawsuit had yet been filed. The letter was relayed to the manager of River Oaks and ultimately to Zurich's representative, Peter Lowe. In a letter dated September 6, 1995 Lowe instructed Webb's counsel that all future communication on the claim should be addressed directly to him.

Because Bramalea and its subsidiaries were having financial problems, Lowe instructed Bramalea and each of its subsidiaries to notify him directly of any claims or lawsuits. However, Lowe did not instruct River Oaks of this revised reporting

2

procedure.

Webb's counsel filed suit in Alabama state court against River Oaks on September 15, 1995. River Oaks followed the old reporting procedures and sent notice of the lawsuit to its parent company rather than to Peter Lowe. Officials at Bramalea decided not to defend the lawsuit or to notify Zurich of Webb's lawsuit. Lowe closed his file on the Webb claim on July 15, 1996 because he received no communications following his September 6, 1995 letter to Webb's counsel.

Webb obtained a default judgment against River Oaks on October 22, 1996. Webb's counsel forwarded a copy of the default judgment to Lowe on December 6. Upon receiving the letter on December 13, Lowe contacted Nick Roth, the attorney hired by Bramalea to defend the Webb lawsuit. Roth was not retained by or paid by Zurich to defend lawsuits against Bramalea entities. Roth never mentioned anything about the Webb lawsuit to Zurich or Lowe prior to that December 13 conversation.

Webb filed a writ of garnishment against Zurich in Alabama state court. Zurich removed the case to federal court alleging that the garnishment proceedings were a separate and independent cause of action with diversity of the parties. A magistrate judge correctly denied Webb's motion to remand the case. See Butler v. Polk, 592 F.2d 1293 (5th Cir. 1979) (garnishment actions brought post-judgment to collect a judgment are separate civil actions that are removable). The district court granted Zurich's motion for summary judgment.

3

The applicable "Notice of Claim or Suit" clause in the Zurich-Bramalea insurance policy states:

> If a claim is made against the Named Insured, the Named Insured shall immediately forward to the insurer or adjuster every demand, notice, summons, or other process upon receipt by the Named Insured's Risk Management Group, Toronto Canada.

The "Action Against Insurer" clause states that "no action shall lie against the insurer unless, as a condition precedent thereto, the Named Insured shall have fully complied with all terms of the policy . . ." We must decide if Peter Lowe's awareness of the pre-filing claim made by Webb's counsel in September of 1996 satisfied the "Notice of Claim or Suit" clause.

A factually similar case addressing the identical issue was recently decided in Safeway Insurance Company of Alabama v. Bailey (Ala. Civ. App. 1999). In Bailey the plaintiffs were involved in an accident with a person insured by Safeway. The Baileys' attorney sent Safeway a letter instructing it to direct all future correspondence to him. Although the letter indicated that the Baileys had a claim against a Safeway insured, it did not indicate that a lawsuit had been filed seven days earlier. The Baileys obtained a default judgment against the insured and filed a writ of garnishment against Safeway. Safeway contested the writ on the grounds that it did not receive notice that a lawsuit was filed. The Alabama Court of Appeals held that although Safeway had been notified of the accident and knew that the Baileys were

4

represented by counsel, it did not know if or when a lawsuit would be filed. Id. at *3. A post-filing letter by plaintiff's counsel indicated only that the plaintiff was represented by counsel. It did not contain notice that the lawsuit had in fact been filed. This did not satisfy the insurance policy requirements for notice of a lawsuit.

Bailey clearly states that a plaintiff cannot recover a damage award from an insurance company if there is a policy provision requiring that the insurance company receive notice of a lawsuit if the plaintiff and the insured fail to provide the insurer with adequate post-filing notice of the lawsuit.[1] Webb bases her demand for payment on the contractual obligation that Zurich has with Bramalea to defend and indemnify its insured, River Oaks. This contractual obligation may entitle Webb to enforce the terms of the insurance contract, but she is also subject to the defenses Zurich has against Bramalea and its subsidiaries.

There is no dispute that although Zurich was notified of the pre-suit claim by Webb's counsel, it was never notified that suit had been filed or given an opportunity to defend. Zurich's lack of notice is directly attributed to Bramalea's decision to not to give Zurich notice of the suit and Webb's failure to forward the materials to Lowe pursuant to the request made in his September 6, 1995 letter. Neither Bramalea nor Webb complied with the condition precedent to Zurich's obligation to defend and

---

[1]Webb could have overcome Bramalea's decision not to notify Zurich and satisfied the notification requirement if it had mailed a copy of the complaint directly to Lowe or a Zurich representative. See Safeway Ins. Co. v. Thompson, 688 So. 2d 271 (Ala. Civ. App. 1996).

indemnify Bramalea or its subsidiaries, so that neither has any right to insist on coverage under the contract.  See Watts v. Preferred Risk Mut. Ins. Co., 423 So. 2d 171, 173 (Ala. 1982) (failure of an insured to comply within a reasonable time with a provision in an insurance policy requiring the forwarding of lawsuit papers releases the insurer from obligations imposed by the contract).  Zurich owed no insurance to Bramalea that Webb may seek in satisfaction of her judgment.

AFFIRMED.