Vernon Hardnett, as guardian of Daphne Heard, sued Allstate Insurance Company in the Randolph Circuit Court, seeking benefits under the uninsured-motorist portion of an automobile insurance policy held by Hardnett. Both Allstate and Hardnett moved for a summary judgment. The trial court denied Allstate's motion, but entered a summary judgment for Hardnett. Allstate appeals. We reverse and remand.
Daphne Heard lived with her aunt, Chanda Roundtree, and her grandfather, Vernon Hardnett, at Hardnett's house. Heard was injured when she was struck by a car driven by Roundtree. Hardnett held a policy with Allstate covering three motor vehicles, including the car that struck Heard. Heard, acting through Hardnett, initially made a claim under the liability coverage of Hardnett's policy. The policy contained an exclusion from coverage for liability for "bodily injury to any person related to a person insured by blood, marriage, or adoption and residing in that person's household." Allstate denied Heard's liability claim based on this exclusion.
Heard then made a claim on the uninsured-motorist coverage of the policy, contending that because Allstate denied coverage of the first claim, a claim based on the liability portion of the policy, the vehicle that struck her was now an "uninsured auto." Allstate denied this coverage as well, because it determined that the car driven by Roundtree was not within the definition of "uninsured auto" provided in the policy.
An "uninsured auto" is defined in the uninsured-motorist section of the policy:
"An uninsured auto is:
 "(1) a motor vehicle which has no bodily injury liability bond or insurance policy in effect at the time of the accident.
 "(2) a motor vehicle covered by a bond or insurance policy which doesn't provide at least the minimum financial security requirements of the state in which your insured auto is principally garaged.
 "(3) a motor vehicle for which the insurer denies coverage, or the insurer becomes insolvent.
 "(4) a hit-and-run motor vehicle which causes bodily injury to a person insured. The identity of either the operator or owner of the vehicle must be unknown. . . .
 "(5) An underinsured motor vehicle which has liability protection in effect and applicable at the time of the accident, but in an amount less than the applicable damages the insured person is legally entitled to recover."
(Emphasis added.) The same section of the policy contains this provision, entitled "An uninsured auto is not":
"An uninsured auto is not:
"(1) a motor vehicle that is lawfully self-insured.
 "(2) a motor vehicle which is insured under the Liability Insurance coverage of this policy."
(Emphasis added.)
The sole issue before this Court is whether the evidence before the trial court was sufficient to entitle Hardnett to a summary judgment. In reviewing a ruling on a summary-judgment motion, this Court applies the same standard the trial court applies when ruling on the motion. Bussey v. John Deere Co.,531 So.2d 860, 862 (Ala. 1988).
This Court has consistently upheld exclusions within an uninsured-motorist portion of a policy that deny coverage for a vehicle that is covered under the liability portion of the same policy. Watts v. Preferred Risk Mut. Ins. Co., 423 So.2d 171
(Ala. 1982); Ex parte O'Hare, 432 So.2d 1300 (Ala 1983); Hall v.State Farm Mut. Auto. Ins. Co., 514 So.2d 853 (Ala. 1987). Hardnett contends that the cases supporting this theory of law do not apply in this case. Instead, he argues, this Court should apply the law of two other cases, *Page 965 State Farm Mutual Automobile Insurance Co. v. Jeffers, 686 So.2d 248
(Ala. 1996), and Hogan v. State Farm Mutual Automobile Insurance Co.,730 So.2d 1157 (Ala. 1998). In each of those cases, the plaintiffs were able to collect on the uninsured-motorist portion of their own policy after claims on the liability section of the other driver's policy had been denied.[1] However, as Allstate correctly points out, the liability claims made by the plaintiffs in those two cases were made on policies other than those policies on which they were allowed to claim uninsured-motorist benefits. Allstate contends that where, as here, the liability claims and the uninsured-motorist claims are made on the same policy, the exclusion is valid. In other words, it argues, if an insured is denied coverage under the liability portion of his own policy, he should not then be able to drop down to the uninsured-motorist portion and collect benefits for the same injury. Allstate points out in its brief that it was particularly concerned that, without such an exclusion, family members could easily commit fraud against an insurance company. By placing in the policy the exclusion Allstate relies on here, the insurance company prevents the possibility of any such fraud. We agree with Allstate that Alabama law allows this exclusion. The only question remaining is whether the provisions of the policy create an ambiguity.
The third definition under "An uninsured auto is" reads: "A motor vehicle for which the insurer denies coverage, or the insurer becomes insolvent." The second exclusion under "An uninsured auto is not" reads: "A motor vehicle which is insured under the Liability Insurance coverage of this policy." Hardnett argues that these definitions contradict each other, and, therefore, that the definition of "uninsured auto" is ambiguous. Allstate argues that these two sections of the same uninsured-motorist provisions jointly provide the definition of an "uninsured auto."
An insurance policy must be read as a whole. The provisions of the policy cannot be read in isolation, but, instead, each provision must be read in context with all other provisions.Attorneys Ins. Mut. of Alabama, Inc. v. Smith, Blocker Lowther,P.C., 703 So.2d 866, 870 (Ala. 1996); Hall v. American IndemnityGroup, 648 So.2d 556 (Ala. 1994). Hardnett is essentially arguing that this Court should view these two provisions individually and conclude that the policy provides two separate and contradictory definitions, thereby creating an ambiguity in the term "uninsured auto." However, when these two provisions are read together, as Alabama law requires, it becomes clear that the first section, entitled "An uninsured auto is," sets out the uninsured-motorist coverage of the policy, and that, as with any policy, the second, entitled "An uninsured auto is not," provides the exclusions that limit the coverage. The unambiguous language of the two pertinent provisions first states that an "uninsured auto" is "a motor vehicle for which the insurer denies coverage or the insurer becomes insolvent," and then excludes any "motor vehicle which is insured under the Liability Insurance coverage ofthis policy." (Emphasis added.) Therefore, these provisions of the policy clearly and unambiguously *Page 966 
state that a motor vehicle that is insured under the liability portion of this policy cannot be an "uninsured auto."
A policy provision that is clear and unambiguous must be enforced as it is written, including an exclusion from coverage.Auto-Owners Ins. Co. v. American Cent. Ins. Co., 739 So.2d 1078,1081 (Ala. 1999). This policy should be enforced as written, and, under the terms of this policy, the vehicle driven by Roundtree, which struck Heard, cannot be an "uninsured auto" under this policy, because it was a motor vehicle that was insured under the liability portion of this same policy. Because this car cannot be an uninsured vehicle, the accident involving it cannot be the basis for any recovery under the uninsured-motorist coverage of the policy.
Because Hardnett cannot recover under the uninsured-motorist coverage of the policy, the trial court erred in entering a summary judgment in his favor. The judgment is reversed and the case is remanded.
REVERSED AND REMANDED.
Hooper, C.J., and Maddox, Cook, See, Lyons, Brown, Johnstone, and England, JJ., concur.
[1] In Jeffers, one of the plaintiffs was involved in an accident with a deputy sheriff driving a sheriff's car. That plaintiff, along with her husband, made a claim on the liability policy that covered the deputy's car. The deputy had substantive immunity, and, therefore, that policy would not cover the accident. This Court, however, did allow the plaintiffs to proceed with their claim against their personal automobile insurance carrier, on the theory that, within the terms of their policy, the sheriff's car was an "uninsured vehicle."
One of the plaintiffs in Hogan was a guest in an automobile at the time of her accident. The plaintiff, along with her husband, initially made a claim on the driver's liability policy, but that claim was precluded by the Alabama Guest Statute. This Court allowed the plaintiffs to proceed with their claim against their personal automobile insurance carrier, on the theory that the vehicle in which the injured plaintiff was riding was, within the terms of their policy, an "uninsured vehicle."