PITTMAN, Judge.
In December 1999, Tina Broughton, as administratrix of the estate of Melissa St. Laurent, sued Allstate Insurance Company, Commercial Union Insurance Company, and The Miller Mutual Insurance Company, for uninsured-and/or-underinsured-motorist benefits. The trial court entered a summary judgment for both Allstate and Commercial Union. Broughton voluntarily dismissed Miller Mutual with prejudice. Broughton appeals only the summary judgment for Allstate.
Rule 56(c)(1) sets out a two-part standard for entering summary judgments. The trial court must determine (1) that there is no genuine issue as to any material fact, and (2) that the moving party is entitled to a judgment as a matter of law. See Hinkle v. Burgreen Contracting Co., 678 So.2d 797, 799 (Ala.Civ.App.1996). Furthermore, to defeat a properly supported motion for summary judgment, the nonmovant must present “substantial evidence” to support the claim. Section 12-21-12, Ala.Code 1975. Substantial evidence is “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989). In determining whether substantial evidence exists to defeat a summary-judgment motion, a court must view the evidence in a light most favorable to the nonmoving party. Goodwin v. City of Fultondale, 706 So.2d 766, 767 (Ala.Civ.App.1997).
Tina Broughton’s daughter, Melissa St. Laurent, was killed in an automobile accident while she was a passenger in a car driven by her fiancé Russell Scott. Her fiancé was also killed in the accident. Allstate insured the ear in which St. Laurent and her fiancé were riding. The policy contains an exclusion in its uninsured/un-derinsured motorist coverage that states:
“An uninsured auto is not:
“1.... '
“2. a motor vehicle which is insured under the Liability Insurance coverage of this policy.”
Allstate relied on this exclusion to deny underinsured-motorist benefits Broughton was seeking under the policy.
Our supreme court upheld this same exclusion in Allstate Insurance Company v. Hardnett, 763 So.2d 963 (Ala.2000), and affirmed a summary judgment for Allstate. Broughton argues that the holding of Hardnett is limited to situations where *683 family members collude to commit fraud. She relies on the following language:
“Allstate points out in its brief that it was particularly concerned that, without such an exclusion, family members could easily commit fraud against an insurance company. By placing in the policy the exclusion Allstate relies on here, the insurance company prevents the possibility of any such fraud. We agree with Allstate that Alabama law allows this exclusion.”
Allstate Ins. Co. v. Hardnett, 763 So.2d at 965. Broughton argues that no such fraud exists in this case because both St. Laurent and her flaneé were killed in the accident, and it is impossible for them to have committed insurance fraud in order to benefit their estates.
We conclude that the holding of Hard-nett is not limited to cases involving fraud and collusion by family members. The supreme court simply stated one of the arguments advanced by Allstate in favor of the exclusion’s validity. The supreme court, in upholding the exclusion, did not limit its holding to cases involving fraud. Broughton does not argue that the exclusion is ambiguous, and the Hardnett court concluded that the exclusion was not ambiguous.
Broughton also argues that the automobile in which St. Laurent was traveling could be an uninsured vehicle under Hogan v. State Farm Mutual Automobile Insurance Company, 730 So.2d 2d 1157 (Ala.1998), overruled on other grounds, Williamson v. Indianapolis Life Insurance Company, 741 So.2d 1057 (Ala.1999). The Hogan court held that a passenger who was barred from suing a driver pursuant to § 32-1-2, Ala.Code 1975, the “Guest Statute,” could recover uninsured-motorist benefits. Broughton argues that the Guest Statute would bar St. Laurent from suing her flaneé; therefore, she should be allowed to recover uninsured-motorist benefits despite the exclusion in the liability provisions of the policy barring uninsured or underinsured coverage for a vehicle insured by the policy. The Hardnett court addressed this argument as well and distinguished Hogan due to the fact that the liability claim in Hogan was made under a different policy than the uninsured-motorist claim. 763 So.2d at 965. In Hardnett and in this case, the liability claim and the uninsured-motorist claim are made under the same policy. Therefore, we conclude that Hardnett precludes Broughton from seeking uninsured-motorist benefits under the holding of Hogan as well.
Therefore, we affirm the summary judgment on the authority of Hardnett.
AFFIRMED.
CRAWLEY, THOMPSON, and MURDOCK, JJ., concur.
YATES, P.J., dissents.