YATES, Presiding Judge,
dissenting.
Because I believe that our supreme court’s holding in Allstate Insurance Co. v. Hardnett, 763 So.2d 963 (Ala.2000), is limited to situations in which family members collude to commit fraud, I must respectfully dissent from the main opinion.
The same exclusion at issue in this case was at issue in Hardnett, supra. In upholding the exclusion in that case, our supreme court stated:
“Allstate points out in its brief that it was particularly concerned that, without such an exclusion, family members could easily commit fraud against an insurance company. By placing in the policy the exclusion Allstate relies on here, the insurance company prevents the possibility of any such fraud. We agree with *684 Allstate that Alabama law allows this exclusion.”
Hardnett, 763 So.2d at 965.
I believe the holding of Hardnett limits the applicability of the exclusion in question to situations where there is a potential for family members to commit fraud. In this case St. Laurent and Scott were killed in the auto accident. Broughton and the insured were not related either by blood or by marriage. Certainly St. Laurent did not go so far as to stage an accident in which she was killed in order for her mother to collect the uninsured benefits of an automobile insurance policy. Because there is no evidence of collusion for the purposes of committing fraud by family members in this case, I believe the exclusion is inapplicable; therefore, I dissent.