I concur in the result because I believe Auto-Owners was entitled to a JML at the close of Holland's evidence. The holding in State Farm MutualAutomobile Insurance v. Carlton, [Ms. 2991014, May 11, 2001] ___ So.2d ___ (Ala.Civ.App. 2001), however, does not apply to this case. InCarlton, the injured employee sought uninsured motorist ("UM") benefitsfrom his own automobile insurer. As this court explained in footnote 2 of the Carlton opinion, when an employee injured in his *Page 79 
employer's vehicle seeks UM benefits from his employer's automobileinsurer,
 "such a claim would probably be denied on grounds unrelated to the interplay between the Workers' Compensation Act and the UM statute. See Allstate Ins. Co. v. Hardnett, 763 So.2d 963 (Ala. 2000) (holding that a vehicle is not within the definition of `uninsured auto' if it is included in the liability coverage of the same policy). See also Dale v. Home Ins. Co., 479 So.2d 1290 (Ala.Civ.App. 1985) (holding that a fireman injured by a negligent coworker was not entitled to UM benefits under his employer's automobile policy because the firetruck in which he was injured was an insured vehicle under the same policy)."
___ So.2d at ___ n. 2. In the present case, the vehicle in which Holland was injured was specifically excluded, by the terms of the Auto-Owners' policy, from the definition of "uninsured automobile".
Thompson and Murdock, JJ., concur.